SARAH A. STRATTNER *vs.* THE WILMINGTON CITY ELECTRIC COMPANY.

*Personal Injuries—Pleading—Plea—Demurrer—Counsel—Agreement by Authority—Officer of Court.*

The defendant in his plea averred that plaintiff's counsel agreed in writing with defendant's counsel to accept a certain sum in settlement of his claim, and that said sum was tendered and declined. The plaintiff filed a general demurrer to said plea alleging the insufficiency thereof, because no authority had been given counsel by the plaintiff to make the alleged settlement. *Held* that the general demurrer admitted all the facts, among which was that the person who made the agreement on the part of the plaintiff was plaintiff's counsel, and as such he had lawful authority to enter into the agreement; and further, that being an officer of the court, it is presumed he had lawful authority to enter into the agreement, and there was nothing before the Court to the contrary.

(*January 13, 1901.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Harry Emmons* for plaintiff.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, November Term, 1900.

ACTION ON THE CASE (No. 168, May Term, 1900), for damages for the loss of services of a minor son, Freberick Strattner, through injuries to the latter while in the employ of the defendant company.

Demurrer to plea.

On December 10th the defendant filed the following plea, to wit:

"And the said defendant, by Walter H. Hayes, its attorney,

for a further plea in this behalf, by leave of the Court first had and obtained, says that the said plaintiff ought not to further maintain her said action thereof against it, the said defendant, because it says; that on the twelfth day of July, A. D. 1901, Harry Emmons, Esq., counsel of record for said plaintiff in this cause, to wit, at New Castle County, agreed in writing with Walter H. Hayes, Esq., counsel of record for said defendant in said cause, to accept and receive the sum of one thousand fourteen dollars and forty-seven cents from said plaintiff in full settlement of said cause; that thereupon, to wit, on the nineteenth day of July, A. D. 1901, the said defendant, by its said attorney, to wit, at the county aforesaid, tendered to the said Harry Emmons, counsel as aforesaid, the said sum of one thousand fourteen dollars and forty-seven cents, in full payment and satisfaction of said claim, and that the said Harry Emmons, counsel as aforesaid, then and there declined to accept the same, to wit, at New Castle County aforesaid; and the said defendant further says that it is now ready and willing to pay unto the said plaintiff the said sum of one thousand fourteen dollars and forty-seven cents, in settlement as aforesaid of said cause, and this it is ready to verify," etc.

To the above plea the plaintiff, on December 19, 1901, filed a general demurrer, alleging insufficiency thereof, because no authority had been given plaintiff's counsel by said plaintiff to make the settlement as alleged in the plea.

*Doughten vs. West End Street R. R. Co., 34 N. E., 261 (159 Mass., 221); Granger vs. Batchelder, 54 Vt., 243.*

The Court unanimously held that the general demurrer to the plea admitted all the facts, among which was that the person who made the agreement on the part of the plaintiff was plaintiff's counsel, and as such he had lawful authority to enter into the agreement; and further, that being an officer of the court, it is presumed that he had lawful authority for entering into the agreement, and there was nothing before the Court to the contrary.

Demurrer overruled, and upon the election of the plantiff's attorney judgment of *respondeat ouster* entered.

