Syllabus.

## STATE *vs.* ISAAC F. WYATT and THOMAS FLEMING.

1. ASSAULT AND BATTERY—WHAT CONSTITUTES.

An assault is an unlawful attempt to do violence to the person of another, and a battery is the unlawful commission of such violence.

2. SHERIFFS AND CONSTABLES—PEACE OFFICERS—DUTIES.

Public peace officers are charged, not only with the maintenance of the public peace and order, but with the preservation of the safety of persons and property within their jurisdiction, and all the power of the state may be invoked for their protection and support.

3. SHERIFFS AND CONSTABLES—POWER OF TOWN BAILIFF.

The charter of the Town of Harrington defines the authority of the town bailiff as a peace officer.

4. ARREST—PEACE OFFICERS.

A peace officer may arrest without warrant any person he finds engaged in or involved in a breach of the peace.

5. ARREST—TOWN BAILIFFS—POWER OF TOWN BAILIFFS.

Under the charter of the Town of Harrington, providing that it shall be the duty of the police and constables to suppress all riotous, turbulent, disorderly or noisy conduct, and to arrest upon view of a breach of the peace without a warrant, a town bailiff has the same authority as is possessed by a county constable.

6. ARREST—NECESSITY OF WARRANT.

Under the express provisions of the statute, a peace officer may arrest without warrant any person found drunk or excited by liquor, or noisy in the streets or highways.

7. ASSAULT AND BATTERY—SELF-DEFENSE—RESISTING ARREST.

If a public officer uses more force than is necessary to make an arrest, he is liable for assault and battery, and the person arrested may, in self-defense, use such force as is necessary to repel the attack; but if the force used be from motives of revenge, and not in self-defense, the person offending is guilty of assault and battery.

8. CRIMINAL LAW—JURY QUESTION.

The question of the weight and credibility of the evidence is exclusively for the jury; the Constitution inhibiting the court from commenting thereon.

9. CRIMINAL LAW—JURY QUESTION—EVIDENCE.

Where witnesses contradict each other, the jury must decide between them, after considering their comparative freedom from interest or bias, if any, and their respective capacity and opportunity for observing and recollecting.

10. CRIMINAL LAW—JURY QUESTIONS—EVIDENCE.

When there is a conflict of testimony, the jury should reconcile it, if possible, and, if not, to reject what seems the less trustworthy.

11. CRIMINAL LAW—EVIDENCE—PRESUMPTIONS.

All persons are presumed innocent of crime, and the presumption of innocence casts upon the state the burden of proof.

12. CRIMINAL LAW—REASONABLE DOUBT.

All persons are entitled to the benefit of reasonable doubt, and should not be convicted if the jury entertain a reasonable doubt; but such doubt must not be a mere speculative doubt, but a reasonable one.

(*October* 24, 1913.)

Judges CONRAD and WOOLLEY sitting.

*Josiah O. Wolcott*, Attorney General, and *John B. Hutton*, Deputy Attorney General, for the state.

*Arley B. Magee* and *James M. Satterfield* for the defendants.

Court of General Sessions, Kent County, October Term, 1913.

The accused were jointly indicted for assault and battery upon one Joseph Emory, town bailiff and constable of the Town of Harrington, while in the act of arresting the accused Fleming without a warrant.

*Mr. Magee*, representing the latter, moved for a severance, on the ground that a joint trial could not be had without prejudice to the accused. The application was refused.

The state proved that on the night of the second of August, as laid in the indictment, Fleming, while in a partially intoxicated condition, was making a speech to a large crowd of people gathered on one of the public streets of Harrington, in which he was abusing the town authorities and stating that no officer could arrest him; that Emory, the town bailiff, thereupon placed Fleming under arrest, who, after going a few steps with the officer, resisted the officer and struck him; that a general fight followed and the officer was further assaulted by Wyatt.

Each of the accused contended that he was violently assaulted by Emory with a club and that what they did was done in self-defense.

STATE'S PRAYERS.

A public peace officer may arrest without warrant any person engaged in disorderly conduct on a public street. *State v. Dennis*, 2 *Marv.* 433, 43 *Atl.* 261; *Section* 14, *Chapter* 209, *Volume* 24, *Laws of Delaware*, being *Section* 14, *Charter of Harrington*.

One acting as a bailiff is sufficient proof of his authority, in the absence of contradictory evidence.

A public officer may arrest without warrant any one engaged in a breach of the peace in his presence (*State v. Brown*, 5 *Harr.* 506), or for drunkenness when the offense is committed on a public street in his presence (*Marshall v. Cleaver*, 4 *Penn.* 450, 56 *Atl.* 380); and he is only required to have reasonable grounds to believe that an offense is being committed (*Marshall v. Cleaver*, *supra; State v. Brown*, 5 *Harr.* 506).

### DEFENDANTS' PRAYERS.

It must appear that the accused were causing a riotous, turbulent, disorderly, or noisy assemblage, in order to justify the bailiff in arresting them, or either of them, without a warrant.

In making an arrest, an officer can use only such force as is necessary to accomplish that purpose, and if more force is used than necessary, then the accused has a right to make reasonable resistance in self-defense.

The jury must try the accused on the charge of assault and battery and not for disorderly conduct.

CONRAD, J., charging the jury:

Gentlemen of the jury:—The court is very glad to congratulate you upon the approaching end of the trial that has occupied the court and the jury for the last twenty-four hours. It remains only for the court to charge you upon the law involved in the case, and then the matter goes to you for a determination of the facts as fitted into the law as the court will announce it.

These two defendants, Isaac F. Wyatt and Thomas Fleming, stand indicted by the grand inquest of this county, for an assault and battery upon one Benjamin Emory, the time being laid as August second of this year.

[1] An assault, gentlemen of the jury, is an unlawful attempt to do violence to the person of another, and a battery is the unlawful commission of such violence.

In a case very much like this, some years ago (*State v. Dennis*, 2 *Marv.* 43, 43 *Atl.* 261), in this same court in which you and I

are serving today, the learned judge charged a jury in which he used the following language, and the words used by him are equally applicable to this case:

[2]  "The public peace officers are charged not only with the maintenance of the public peace and order, but with the preservation of the safety of person and property within their jurisdiction.   Their duties, therefore, are very responsible ones, and, at times, very perilous ones; and unless they are protected by the law, neither the public peace nor the preservation and protection of life, person and property can be secured in this community.   In fact all the power of the state, civil and military, may be invoked for their protection and support.

"In this case, the responsible charge is submitted to this jury, and in the first instance the duty is upon you, after a careful consideration of all the circumstances in evidence before you, both against the prisoners and in their favor, to determine whether this is a case in which you should find a verdict of guilty, and in which punishment necessary for the public welfare and for personal protection, shall be inflicted."

[3]  If you are satisfied from the evidence that Benjamin Emory, the prosecuting witness, upon whom the assault was alleged to have been committed, was a constable or bailiff, in the Town of Harrington, at the time of this affray, then the provisions of the town charter would be his authority as such officer.

The charter of the Town of Harrington provides that "it shall be the duty of the aforesaid commissioners, alderman and police, or of any justice of the peace and constable of Kent County, residing in said town to suppress all riotous, turbulent, disorderly or noisy conduct of any person or persons or disorderly or noisy assemblages, or gatherings of any person or persons in the streets, lanes, alleys, houses or any place or places in said town; and for this purpose it shall be the duty of the said police or any constable upon view or upon the requisition of the alderman or of any one of the said commissioners and without further warrant, forthwith to seize and arrest any such person or persons so offending," etc.

[4-6]  A peace officer may arrest without a warrant any

person whom he finds engaged in or involved in a breach of the peace. The bailiff of the Town of Harrington has the same authority as possessed by a county constable. The statute of this state expressly authorizes the arrest, without a warrant, of any person found drunk or excited by liquor, or noisy in the streets or highways, or other public places of the county.

[7] If a public officer uses more violence than is necessary to secure the arrest of an offender, he is liable in a civil action for damages, and would himself be liable to indictment for assault and battery. He must not act in a brutal manner or use more force than is reasonably necessary; and should he do so, the person arrested may in self-defense use so much force as is necessary on his part to repel it, but not more than is necessary. But if the attack be from motives of revenge and not in self-defense upon a public officer lawfully attempting his arrest, the person so offending, would be guilty of assault and battery.

[8] The evidence that you have heard from the witnesses, as adduced from this stand, is for your exclusive determination. The court under our Constitution is not allowed to comment on the evidence at all, so that we do not propose to do so.

[9] As has been said in a case previously tried in this court (*Armstrong v. Rhoads*, 4 *Penn.* 155, 53 *Atl.* 436), "in considering the testimony, if you find that any of the witnesses contradict each other, you must decide between them after viewing the testimony of each in connection with all the evidence in the case, and after considering the comparative freedom of each from interest or bias, and their respective capacity and opportunity for observing, knowing, recollecting and accurately relating the circumstances and matters concerning which they have each testified."

[10] Where there is conflict of testimony you must reconcile it if possible. If you cannot do so, then you may reject so much thereof as you deem the less trustworthy, and accept that portion which you consider the more so, after due deliberation upon all the evidence before you.

[11] With regard to all accused persons, there arises the presumption of innocence. That is, every man comes to his

trial before the court and the jury clothed with the presumption of innocence. He is supposed to be an innocent man until he is proven guilty, so that the burden in this case, as in all criminal cases, is upon the state to establish the offense charged in the indictment. So the burden is upon the state to prove the assault· and battery as alleged in this indictment.

[12] Furthermore, all accused persons are entitled to what we call the reasonable doubt, and that means that you gentlemen, after considering this great mass of testimony, which we have heard here for a whole day, if you have a reasonable doubt as to the guilt of either or both of these prisoners, they are entitled to the benefit of that doubt. We do not mean any slight hestitation that may arise in your minds, but we mean just what we say when we use the word "reasonable". It must be a reasonable doubt, and not a fanciful, speculative doubt, not a vague uncertainty; but a reasonable doubt such as conscientious, fair-minded men would entertain; and if after the testimony in this case has been considered by you, you have a reasonable doubt as to the guilt of the prisoners, they would be entitled to the benefit of that doubt and would be entitled to an acquittal. The verdict in this case must be either gulity or not guilty. There is no middle ground. It is possible for you to find one of these defendants guilty and the other not guilty. Or you may find both guilty or both not guilty.

And now the matter is left for your consideration, with the one thought upon the part of the court that you will give this matter fair and thorough consideration and that your verdict will represent the conclusions of conscientious, fair-minded, well thinking people of this community.

Verdict, guilty as to both, with a recommendation to the mercy of the court.