In the Matter of the Application of THE CITY OF NEW YORK, Acting for, by and through the Commissioner of Public Markets for the Appointment of Commissioners to Ascertain and Determine the Value of Certain Buildings Located in Wallabout Market in the Borough of Brooklyn, City of New York. JACOB LEWIS and Others, as Executors, etc., of ABRAHAM KORNBLUM, Deceased, and ANNA KORNBLUM, as Executrix, etc., of SIMON KORNBLUM, Deceased, Appellants; THE CITY OF NEW YORK, Respondent.— Order denying appellants' motion for an order directing that commissioners previously appointed by an order dated July 11, 1940, be directed to ascertain and determine the value of a building located on Lot 211, Wallabout Market, Brooklyn, affirmed, with ten dollars costs and disbursements. No opinion. Appeal from order denying motion for reargument dismissed, without costs, as not appealable. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

SAMUEL KARGMAN, VALENTINE L. SHANNON and DORA KARGMAN, Appellants, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— In an action by Samuel Kargman and Valentine L. Shannon to recover damages for personal injuries and by Dora Kargman for property damage, plaintiffs appeal from an order denying their motion for an order (a) vacating and setting aside a settlement of their respective claims, and (b) restoring the case to the calendar for trial. Order reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs, to the extent of directing that the action be restored to the trial calendar without loss of position. Here there was at most an accord but no satisfaction, and hence no agreement of settlement. (Reilly v. Barrett, 220 N. Y. 170, 172, 173; Larscy v. Hogan & Sons, 239 id. 298, 301, 302.) Therefore, there is no occasion to vacate such an agreement. Further, the former attorney for plaintiffs was not authorized by his clients to settle the causes of action. Without such authority the attorney had no power to enter into the stipulation to settle the causes, which stipulation was a nullity. (Bruder v. Schwartz, 260 App. Div. 1048; Sherman & Sons Co. v. Princess Shirt Waist Mfg. Co., 213 id. 140; Countryman v. Breen, 241 id. 392.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

SAM KIEV, Respondent, v. S. & E. MOTOR HIRE CORPORATION and Others, Appellants.— In an action to recover damages for personal injuries suffered by the plaintiff by reason of his hand being crushed between the open door of a parked taxicab which he was operating, and a truck of the defendants which was proceeding in a line parallel to the taxicab, he has recovered judgment from which the defendants appeal. Judgment reversed on the facts and a new trial granted, with costs to abide the event. In our opinion the verdict is contrary to the weight of the evidence. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.