DAVID S. STERN CORPORATION, Appellant, v. HARRY EDELSTONE, Defendant, and CARL HAUPTMAN, Attorney, Respondent.— Order dated March 24, 1942, granting motion for substitution of an attorney for the plaintiff on specified terms, reversed on the law and the facts, without costs, and the motion remitted to Special Term to be heard on the merits *de novo*, at which time a hearing may be had to ascertain the facts and to determine anew on what terms, if any, such

substitution is proper; whether or not the superseded attorney is entitled to a lien; and whether or not he should be relegated to a pending action for the relief, if any, to which he may be entitled. The disposition of the appeal from an order dated April 13, 1942, as set forth below, necessitates the foregoing determination. Order dated April 13, 1942, denying plaintiff's motion to be relieved from a stipulation, reversed on the law and the facts, without costs, and the motion granted, without costs. The circumstances of confusion surrounding the making of the stipulation and its improvident character, as its terms have been interpreted, require, in the interests of justice, that the plaintiff be relieved therefrom and that the motion, during the argument of which the stipulation was made, be heard *de novo*. A stipulation of this character should not be made the subject of judicial action unless it has been reduced to writing and signed by the parties, or a stenographic record has been made of what occurred in open court. Resort to either of these courses avoids unnecessary and awkward issues of fact arising between counsel and the court. Appeal from orders dated March 28, 1942, and April 23, 1942, denying motions for reargument dismissed, without costs. Such orders are not appealable. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.