JACOBSEN v. OVERSEAS TANKSHIP CORP. (NORTHWEST AIRLINES, Inc., et al. third party defendants).

Civ. No. 10717.

United States District Court
E. D. New York.

Nov. 24, 1950.

Frederick Travers, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, John J. Martin, New York City, of counsel, for defendant and third-party plaintiff.

Benjamin Burke Kasloff, New York City, for third-party defendant, Herman Greenberg.

GALSTON, District Judge.

Herman Greenberg, a third-party defendant, pursuant to the provisions of Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., moves for an order dismissing the amended complaint of the third-party plaintiff as against him.

It is necessary briefly to review the facts as presented by the pleadings and motion papers. The plaintiff is the administratrix of Olaf John Jacobsen. Jacobsen was a seaman on a vessel chartered by the Overseas Tankship Corporation, the third-party plaintiff. After the vessel arrived in China, Overseas undertook to transport Jacobsen back to the United States on a plane operated by Northwest Airlines, Inc., the third-party defendant. On or about March 12, 1948 the plane, while en route to the United States, crashed in Alaska, and Jacobsen was killed in the accident.

The administratrix instituted an action in the Supreme Court of the State of New York, County of Kings, against Northwest Airlines, Inc., alleging negligence which resulted in the death of Jacobsen. In that action Greenberg was her attorney. During the pendency of the action, the administratrix filed a petition in the Surrogate's Court of Kings County for leave to settle that action against the Northwest Airlines, Inc. In that petition she stated: "Eighteenth. That at the time of the accident, deceased was in the employ of Overseas Tankship Corporation. The defendant, by its attorneys, has requested as consideration of the settlement herein that the release to be executed and delivered herein release both the defendant and the said Overseas Tankship Corporation. Your deponent has agreed to do this."

The petition was granted and an order of the Surrogate's Court, dated November 22, 1948, provided that both the Overseas Tankship Corporation, as well as the Northwest Airlines, Inc., be released by the payment of $6,000 to the plaintiff by Northwest Airlines, Inc. A general release, covering both Overseas Tankship and Northwest Airlines was executed by the plaintiff and delivered by Greenberg as her attorney to attorneys for Northwest Airlines.

On March 21, 1950 the plaintiff commenced this action under the Jones Act, 46 U.S.C.A. § 688, against Overseas Tankship Corporation, alleging negligence which resulted in the death of plaintiff's intestate. Overseas then moved to dismiss the action on the ground that the release which had been executed in its favor by the plaintiff was a complete bar to the maintenance of the action. The affidavits filed with that motion discuss matters outside the pleadings, and consequently the motion was treated as one for summary judgment under Rule 56, as provided for in Rule 12(c) of the Federal Rules of Civil Procedure. The motion was denied on the ground that a question of fact was presented which would have to be determined at the trial.

Overseas then obtained leave to serve a summons and complaint on Northwest Airlines and Herman Greenberg as third-party defendants. In the defendant third-party complaint it is alleged: "16. Prior to the institution of this action the third-party defendant, Herman Greenberg, acting as attorney for, and on behalf of, the plaintiff herein, and for a valuable consideration furnished to and delivered to the defendant third-party plaintiff, Overseas Tankship Corporation, a release, executed by the plaintiff herein, which purported to, and which said third-party defendant, Herman Greenberg, represented and warranted did release defendant third-party plaintiff, Overseas Tankship Corporation, from any and every claim and liability which it had, or might ever have, arising out of the death of said deceased, to plaintiff and said deceased's representatives, estate and dependents. The third-party defendant, Herman Greenberg, delivered said release to the third-party plaintiff, Overseas Tankship Corporation,

by delivering said release to Mendes & Mount, attorneys, who had undertaken to procure, and who did procure, said release for the third-party defendant, Overseas Tankship Corporation."

It is to be observed from the foregoing allegations that there is no allegation that Greenberg represented and warranted anything to the Overseas Tankship Corporation. Delivering the release to the attorneys for Overseas was the act of an attorney who ostensibly acted within the scope of his authority as an attorney, i. e. agent, for his client. Curiously enough, in the affidavit of John L. Quinlan, in support of the motion for an order to make Northwest and Greenberg parties, the language used in respect to Greenberg's acts differs from that set forth in the aforesaid paragraph of the defendant third-party complaint. Quinlan says: "* * * Herman Greenberg, as attorney for the plaintiff herein, represented and warranted to defendant that plaintiff had procured authority from the Surrogate's Court * * * to release defendant from all liability it might ever have to plaintiff arising out of the death of deceased; that he furnished defendant a release executed by plaintiff, purporting to so release defendant; and that plaintiff was thereupon paid a valuable consideration therefor."

It is to be noted that there the representation was, as thus alleged by Mr. Quinlan, that the executrix had procured authority from the Surrogate's Court to release defendant from all liability—as indeed she had.

The defendant third-party complaint though alleges also that the plaintiff asserts that the release is "ineffective, a nullity, without consideration and otherwise not binding on her (or decedent's estate)"; and that "by reason of the foregoing, Overseas Tankship is entitled to recover from Greenberg any sum for which it is held liable in this action."

▮ Overseas, in its opposing affidavit, admits that Greenberg had no personal contacts with either Northwest or Overseas. Thus there remains for consideration only such representation or warranty, if any, arising out of the release itself. The release is signed by the plaintiff, and not by Greenberg. Likewise the petition to the Surrogate to permit her to execute the joint release is executed by the plaintiff and not by Greenberg. That Greenberg represented the plaintiff in the negotiations which resulted in the settlement and the order approving the same, and in the release authorized by the Surrogate, does not make Greenberg a party to the contract or liable thereunder. He acted for a disclosed principal and, of course, did not become liable as a party. Shilman v. United States of America, 2 Cir., 1947, 164 F.2d 649, 652–653, certiorari denied, 333 U.S. 837, 68 S.Ct. 608, 92 L.Ed. 1122. Overseas though contends that there is liability arising out of a limited warranty, i. e. an implied warranty of authority to act on plaintiff's behalf. However, here the third-party plaintiff is met with the well settled rule stated in Ricketts v. Pennsylvania Railroad Co., 2 Cir., 1946, 153 F. 2d 757, 759–760, 164 A.L.R. 387, where it is said: "* * * it is well settled in this country that an attorney has no implied authority to compromise a claim."

In the Ricketts case, the implied authority was set up in an attempt to bind the client, whereas here liability is directed against the attorney rather than his client. In either case, however, the basis of the claim would be reliance upon an authority implied. So if it is not applicable in one situation, it is certainly equally inapplicable in the other.

▮ That Greenberg represented the plaintiff could undoubtedly have led Overseas or its attorneys to assume that he represented that he had power to act; Restatement of Agency, section 329. Still, before a breach of an implied warranty can be found, it must be determined first whether Greenberg had power to act. Nowhere is there a categorical charge in the pleadings, or in the affidavits, that Greenberg did not have the authority, as plaintiff's attorney, to consider Overseas' inclusion in the release. The plaintiff's contention that the release is not binding on her, as against Overseas, is predicated

upon her claim, asserted in the affidavit submitted in opposition to Overseas' motion for summary judgment, that there was failure of consideration running from Overseas to her. This contention cannot be construed as asserting that Greenberg lacked the authority to act. It is significant that Overseas, in its motion for summary judgment against the plaintiff, procured from Greenberg and submitted in support of its motion, an affidavit which recites: "After conducting investigation into the facts and circumstances surrounding the airplane crash * * * I advised Amalie Jacobsen of her rights against Northwest Airlines, Inc. and Overseas Tankship Corporation, and was instructed to prosecute with a wrongful death action against Northwest Airlines, Inc. At all times thereafter, I kept her fully advised of all developments in the suit against Northwest Airlines, Inc., and upon receiving a settlement offer of $6,000, I once again explained to her her rights against all concerned, and reviewed with her the various items of damage which she could hope to recover in this action."

This affidavit also recites that when Greenberg presented the petition to the Surrogate's Court for leave to compromise the cause of action, he "explained the contents of same, and the petition was also read to her by her daughter-in-law, and she stated that she was agreeable to the settlement of all her claims for the sum of $6,000, and understood that this meant that she no longer had any claims against Northwest Airlines, Inc. or Overseas. Tankship Corporation."

■ The defendant argues that because of conflicting statements by the plaintiff and Greenberg, a genuine issue of a material fact exists which should preclude the granting of this motion of Greenberg's for summary judgment. However, there is no such conflict, for the plaintiff's statement in her affidavit of May 26, 1950 is: "My former attorney, Herman Greenberg, informed me that the only one he was suing was the Northwest Airlines, Inc., and the case was settled against the Northwest Airlines, Inc., through its attorneys, Mendes & Mount, for the sum of $6,000."

Greenberg does not dispute that the only one sued in the State court was Northwest. Since the claim was against Northwest only, the "case" of necessity could be "settled" only as against it. The plaintiff's statement just quoted is entirely silent as to any discussion concerning Overseas, and it is to be noted that the plaintiff does not assert that there was no such discussion; nor is there anything said in the statement about the release. Thus it is insufficient to raise such an issue of fact as would preclude the granting of this motion.

Not only does her petition to the Surrogate show knowledge beyond that indicated in her affidavit, but it must be recognized that the order of the Surrogate's Court, authorizing the defendant to settle and compromise the action against Northwest, recites: " * * * the said defendant, Northwest Airlines, Inc. and Overseas Tankship Corporation, be discharged and released * * * as to the * * * cause of action herein described."

It is also significant that the general release signed by the plaintiff includes "Overseas Tankship Corporation" in clear and heavy type, and that the name is emphasized in such a manner as to catch the eye. In view of these circumstances, together with the unequivocal and uncontroverted statements in the Greenberg affidavit that the plaintiff was advised of all developments as to the release and petition to the Surrogate's Court, it must be concluded that no genuine issue of fact is raised in the statement quoted from the plaintiff's affidavit respecting Greenberg's authority.

■ In short, there is no outright challenge, even by the plaintiff, that Greenberg exceeded his authority. If he did to the prejudice of the plaintiff, doubtless she has recourse as against him. As to the third party, in the absence of fraud or misrepresentation, or a clear showing that Greenberg acted beyond his powers, the third-party plaintiff fails to state a cause of action. It appeared in Re Level Club, D.C., 46 F.2d 1002, 1003, that the attorney acting for the club, at the request of its secretary, had consented under instructions

102

from the secretary to an order adjudicating the club a bankrupt. In denying the motion of the board of governors of the club to vacate the adjudication on the ground that the board had never passed any resolution agreeing to such adjudication, the court declared: "Considered steps in a litigation taken by a member of the bar of a court are binding on his client unless fraud be shown. The apparent authority of attorneys in any proceeding before the court is plenary so far as the court and the opposing parties are concerned, * * *."

Now in the instant case the asserted controversy sought to be set up in the third-party complaint is not between attorney and client, but between the attorney and the third party. Good faith, of course, must govern that relationship, but it has not the same status as that between attorney and client; and a showing of fraud, falsehood or collusion must be established. A want of reasonable care and skill in the performance of the attorney's duties to his client fails to constitute a basis for liability to the third party; National Savings Bank of District of Columbia v. Ward, 100 U.S. 195, 25 L.Ed. 621.

In conclusion it need be said that in a motion brought under Rule 12(b) for failure to state a claim, the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted; Moore's Federal Practice, Vol. 2, page 2244 (2nd ed. 1948). It is equally established that affidavits filed in support of the motion cannot be used to determine issues of well-pleaded facts. However, they may be used to show that no genuine issue of fact exists; Farrall v. District of Columbia Amateur Athletic Union, 80 U.S.App.D.C., 396, 153 F.2d 647, 648.

In the third-party complaint, the allegations which charged Greenberg with having represented and warranted that the release would free Overseas from any claim are really a conclusion of law, for nowhere does it appear that Greenberg dealt directly or personally with Overseas. Moreover it is not denied that no war-

ranties or representations were made by Greenberg to opposing counsel. Hence the allegations that Greenberg "represented and warranted" must be construed as referring to the legal significance of the release itself, or that arising out of Greenberg's status as plaintiff's attorney at the time that the release was negotiated and delivered. There is no genuine issue of fact.

The motion, therefore, must be granted with leave to the third-party defendant to file an amended complaint within twenty days from the entry of the order on this motion. Settle order.