ANGELO ACCARINO, Respondent, v. URSULA HIRSCH, Appellant. (Action No. 1.) JOSEPHINE PERNICE et al., Respondents, v. URSULA HIRSCH, Appellant, and ANGELO ACCARINO, Respondent. (Action No. 2.) (Consolidated Action.) — Appeal (1) from an order dated April 3, 1957 granting the motion of respondent Accarino to enter judgment for $2,000 based on an alleged settlement of Action No. 1 and severing Action No. 1 from Action No. 2, (2) from the judgment entered thereon, and (3) from so much of an order dated September 11, 1957 as on reargument adhered to the original decision. Respondent Accarino was the owner and operator of an automobile which collided with the automobile owned and operated by appellant Hirsch. He instituted an action against the appellant (Action No. 1) to recover damages for injuries to person and property. Three passengers in Accarino's car and the husband of one of them instituted an action against Accarino and Hirsch (Action No. 2) to recover damages arising from the accident. The actions were consolidated for all purposes. Accarino, as plaintiff in Action No. 1, was represented by one attorney and, as defendant in Action No. 2, was represented by another attorney. In Action No. 2, both Accarino and Hirsch were represented by attorneys retained by their respective insurance carriers. In Action No. 1, Accarino as plaintiff made a motion returnable at Special Term, Part I, Kings County, to enter judgment for $2,000 against appellant Hirsch based on a claim that the action had been settled by counsel for that amount and that counsel for appellant had repudiated the settlement. The Pernices, Mosico and Mangia, plaintiffs in Action No. 2, made a motion returnable at Special Term, Part I, to enter judgment for a total of $4,000 against Accarino and Hirsch, as defendants, based on a claim that the action had been settled for that amount, Accarino to pay one third and Hirsch to pay two thirds. Counsel for Hirsch had repudiated the alleged settlement. The alleged settlements were negotiated in chambers before the Justice presiding at Trial Term, Part I. Over the objections of appellant's counsel, the motions were referred to the Judge who had presided in Trial Term, Part I. An oral hearing took place before the Judge on said motions and on a similar motion in *Rosen* v. *Grand* (6 A D 2d 799). During that hearing, appellant's counsel said that the Judge should not pass on these matters and that they should be heard before another judge. No witnesses were sworn during the hearing but minutes were taken thereof. The motion in Action No. 2 was denied and the motion in Action No. 1 was granted. Hirsch moved for a rehearing and minutes were taken of the argument on this motion but no witnesses were sworn, and the original decision was adhered to. Order dated September 11, 1957 modified by striking from the ordering paragraph the words "the original decision set forth in the order above is adhered to" and by substituting therefor the words "the order dated April 3, 1957 be and the same hereby is modified by striking therefrom everything following the words 'hereby is' and by substituting therefor the word 'denied.'" As so modified, order dated September 11, 1957 insofar as appealed from unanimously affirmed, without costs. Appeal from order dated April 3, 1957 dismissed, without costs, and judgment entered pursuant thereto vacated. At the oral hearing on the motions to enter judgment it was the recollection of the Judge, fortified by his note, that Action No. 1 was firmly settled for $2,000, without reservation or condition, and that Action No. 2 was firmly settled for a total of $4,000, without reservation or condition. Attorneys who represented parties other than appellant corroborated the Judge's recollection that Action No. 1 was unconditionally settled for $2,000. But the reasonable inference from the statements of such counsel was that the settlement in Action No. 2 was subject to approval by the Pernices and was also subject to approval by appellant's insurance carrier as to the

division, between the insurance carriers representing Accarino and Hirsch, of the alleged settlement for $4,000. Counsel for Accarino in Action No. 2 said that his offer of $1,000, as the share to be paid by his company, was unconditional. The fact that statements were made by attorneys other than the one representing appellant that Action No. 2 had not been firmly and unconditionally settled was the reason for the Judge's denial of the motion in Action No. 2, despite the fact that his recollection and note were that Action . No. 2 had been unconditionally settled for $4,000. Counsel for appellant made the following statements: (1) The settlement was a proposed settlement. (2) If all the actions could not be settled, there was no reason for settling one, and that was the understanding. (3) He did not have an authorization of $2,000 and so told the Judge. (4) He went back to his clients (presumably the insurance company or the attorney of record) and they refused to accept the proposed settlements. (5) A prior offer to Accarino for $1,000 had been made at pretrial by another attorney for his company. The Judge held that Action No. 1 had been unconditionally settled in conference for $2,000. We hold that appellant's counsel, on behalf of his insurance company, did not unconditionally agree to settle the action of plaintiff Accarino for $2,000. There was no affidavit by any officer or employee of appellant's insurance carrier to corroborate the statements by appellant's counsel as to the limitation of his authority to settle. But this is not a situation where an attorney concededly settled the action, and the issue was solely as to whether the settlement by the attorney was without his client's authorization (cf. *Kargman* v. *Brooklyn & Queens Tr. Corp.*, 263 App. Div. 720). Under the circumstances, we do not consider appellant's proof fatally defective merely because appellant failed to submit an affidavit or other proof from an authorized official of the insurance carrier as to the limitation of its counsel's authority. The alleged understanding of counsel for appellant that one action could not be settled unless the companion action was settled is not unreasonable. Possibly counsel for appellant failed to make this clearly understood at the conferences. But the general rule is that an attorney cannot settle an action without special authority from his client (*Cox* v. *New York Cent. & Hudson Riv. R. R. Co.*, 63 N. Y. 414, 419; *Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.*, 213 App. Div. 140; *Kargman* v. *Brooklyn & Queens Tr. Corp.*, *supra*). In part, the Judge relied on rules 2 and 8 of the Kings County Supreme Court Trial Term Rules. Rule 2 provides that at a Calendar Classification and Control Term, only attorneys who are authorized to make binding stipulations will be permitted to appear. Rule 8 provides that, on the call of a pretrial calendar, only attorneys or parties who are fully authorized to settle or make binding stipulations and concessions will be permitted to answer. Technically, those rules were not applicable since the action was on the calendar of Trial Term, Part I. Even if applicable, those rules are not violated when an attorney representing an insurance company says that he is authorized to settle only up to a stated amount and must obtain approval from his company for a settlement in a higher amount which the plaintiff's attorney is willing to accept and which the Judge presiding at the conference deems fair and reasonable. Nor are those rules violated when an attorney says that an action cannot be settled unless a companion action is also settled and that he must obtain approval of his company for a settlement in the companion action which involves a division between his insurance company and a company insuring a codefendant as to the amount each will pay. Rule 4 of the Rules of Civil Practice provides that " An agreement between parties or their attorneys relating to any matter in an action or a proceeding shall not be binding unless in writing subscribed by the party, or by attorney or counsel, or reduced by consent to the form of

an order and entered. This rule does not apply to oral stipulations between counsel made in open court." The rule grew out of the frequent conflict between attorneys as to agreements made with reference to proceedings in actions and was intended to relieve the courts from the constant determination of controverted issues of fact with reference to such proceedings (*Mutual Life Ins. Co.* v. *O'Donnell*, 146 N. Y. 275, 279). Its predecessor, rule 11 of the General Rules of Practice, did not except from the rule an oral stipulation between counsel made in "open court." It was perfectly proper for the Judge presiding at Trial Term, Part I, to conduct the conferences in chambers, without the presence of a stenographer. But the settlement allegedly made was not the equivalent of an oral stipulation made in open court. The action had not been prepared for trial and had not been assigned by Trial Term, Part I, to a part for trial; there was no prejudice to respondents resulting from appellant's repudiation of the alleged settlement. The lack of prejudice was particularly apparent since all parties were still required to try Action No. 2, in which the appellant and all the respondents are parties. In substantial degree, the issue as to whether appellant's counsel, on behalf of his insurance company, agreed firmly and unconditionally to pay $2,000 to Accarino, depended upon the recollection of appellant's counsel as against the recollection of the Judge. In the determination of that issue, there would be involved the fact that the Judge's recollection and note that Action No. 2 was firmly and unconditionally settled were concededly erroneous. Under the circumstances present, the Judge should have denied Accarino's motion (see, e.g., *Stern Corp.* v. *Edelstone*, 264 App. Div. 865; *Post Inst.* v. *Lander Co.*, 251 App. Div. 23; *Rosen* v. *Grand*, 6 A D 2d 799, *supra*; *Mutual Life Ins. Co.* v. *O'Donnell*, *supra*, p. 280). We assume that we could modify the order on reargument so as to provide for a hearing before another Judge, at which time common-law proof could be taken as to what transpired at the conferences in chambers and as to the actual authority given by appellant's insurance carrier to its attorney. But the alleged stipulation was not reduced to writing by the parties and signed, nor was a stenographic record made of what occurred in chambers. Since respondents suffered no prejudice from the repudiation of the alleged settlement, it would not be in the interests of justice to explore unnecessary and embarrassing issues of fact arising between counsel and the court (*Stern Corp.* v. *Edelstone*, *supra*; *Rosen* v. *Grand*, *supra*). Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.