■ GEORGE ROSEN et al., Respondents, v. PHILOMENA GRAND et al., Appellants.— Appeal (1) from an order dated March 25, 1957 granting respondents' motion to enter judgment for $5,000 plus interest and costs based upon an alleged settlement of the action for $5,000, (2) from the judgment entered thereon, and (3) from so much of an order dated September 11, 1957 as on reargument adhered to the original decision. Respondents instituted this action to recover damages for injuries to person and property. They made a motion returnable at Special Term, Part I, Kings County, to enter judgment against appellants on the ground that, at a conference before the Justice presiding at Trial Term, Part I, the action was settled for $5,000. In his affidavit in support of the motion, respondents' counsel stated that shortly after the settlement appellants' counsel informed him that the insurance carrier would not consent to the settlement and that the affiant should move to restore the action to the Trial Term Day Calendar. Over the objection of appellants' counsel, the motion was referred to the Justice who had presided at Trial Term, Part I, and before whom the settlement had allegedly been made in chambers. A hearing took place before the Judge on this motion and

on similar motions in *Accarino* v. *Hirsch* (6 A D 2d 795). During that hearing appellants' counsel said that the Judge should not pass on these matters and that they should be heard before another judge. No witnesses were sworn during the hearing, but minutes were taken thereof. The motion was granted and appellants moved for a rehearing. Minutes were taken of the argument on this motion but no witnesses were sworn, and the original decision was adhered to. Order dated September 11, 1957 modified by striking from the second ordering paragraph the words "the original decision is adhered to in all respects" and by substituting therefor the words "the order dated March 25, 1957 be and the same hereby is modified by striking therefrom everything following the words 'hereby is' and by substituting therefor the word 'denied.'" As so modified, order dated September 11, 1957 insofar as appealed from unanimously affirmed, without costs. Appeal from order dated March 25, 1957 dismissed, without costs, and judgment entered pursuant thereto vacated. At the hearing on respondents' motion, appellants' counsel said that he informed the Judge that he (counsel) could not pay $5,000, that the maximum of his authority was $3,500, the reserve on the case, that the Judge told him to obtain $5,000 and marked the case settled for $5,000. He said that when he conferred thereafter with his "people", he was advised that he could not pay $5,000. Respondents' counsel said that he was called into chambers and was asked if he would settle for $5,000 and he agreed to take that amount. He said that he came outside, saw appellants' counsel and spoke to him. He did not remember the exact conversation but it was not indicated to him that appellants' counsel had not agreed to a settlement for $5,000 or that there was only a $3,500 offer. The Judge said the court was advised at one point that the limit of the reserve placed on the case by the insurance carrier was $3,500. But he said that it was his recollection, fortified by his note, that the action was firmly settled for $5,000. We hold that counsel, on behalf of his insurance company, did not unconditionally agree to settle the action for $5,000. No stenographic minutes were taken during the conference, and respondents' counsel was not present in chambers when appellants' counsel allegedly agreed before the Judge, on behalf of his company to pay $5,000. There was no person who could unequivocally corroborate the Judge's recollection and note that the action had been settled for $5,000. There was no affidavit from any officer or employee of appellants' insurance carrier to corroborate the affidavit and statement by appellants' counsel as to the limit of his authority to settle. But neither was there any positive contradiction of his assertion as to the limit of his authority, except for such inference or deduction as to his authorization as could be deduced from the fact that he allegedly made the settlement. This is not a situation where an attorney concededly settled the action, and the issue was solely whether the settlement by the attorney was without his client's authorization and consent (cf. *Kargman* v. *Brooklyn & Queens Tr. Corp.*, 263 App. Div. 720). Under the circumstances, we do not consider appellants' proof fatally defective merely because appellants failed to submit an affidavit or other proof from an authorized official of their insurance carrier as to the limitation of its counsel's authority, to corroborate the affidavit and statements of its counsel. The general rule is that an attorney cannot settle an action without special authority from his client (*Cox* v. *New York Cent. & Hudson Riv. R. R. Co.*, 63 N. Y. 414, 419; *Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.*, 213 App. Div. 140; *Kargman* v. *Brooklyn & Queens Tr. Corp.*, *supra*). In part, the Judge relied on rules 2 and 8 of the Kings County Supreme Court Trial Term Rules. Rule 2 provides that, at a Calendar Classification and Control Term, only attorneys who are authorized to make binding stipulations will be permitted to appear. Rule 8 provides that, on the call of

a pretrial calendar, only attorneys or parties who are fully authorized to settle or make binding stipulations and concessions will be permitted to answer. Technically, those rules were not applicable since the action was on the calendar of Trial Term, Part I. Even if applicable, those rules are not violated when an attorney representing an insurance company says that he is authorized to settle only up to a stated amount and must obtain approval from his company for a settlement in a higher amount which the plaintiff's attorney is willing to accept and which the Judge presiding at the conference deems fair and reasonable. Rule 4 of the Rules of Civil Practice provides that " An agreement between parties or their attorneys relating to any matter in an action or a proceeding shall not be binding unless in writing subscribed by the party, or by attorney or counsel, or reduced by consent to the form of an order and entered. This rule does not apply to oral stipulations between counsel made in open court." The rule grew out of the frequent conflict between attorneys as to agreements made with reference to proceedings in actions and was intended to relieve the courts from the constant determination of controverted issues of fact with reference to such proceedings (*Mutual Life Ins. Co.* v. *O'Donnell,* 146 N. Y. 275, 279). Its predecessor, rule 11 of the General Rules of Practice, did not except from the rule an oral stipulation between counsel made in " open court ". It was perfectly proper for the Judge presiding at Trial Term, Part I, to conduct the conferences in chambers, without the presence of a stenographer. But the settlement allegedly made was not the equivalent of an oral stipulation made in open court. The action had not been assigned by Trial Term, Part I, to a part for trial, and there was no prejudice to respondents resulting from appellants' repudiation of the alleged settlement. Basically, the factual issue as to whether appellants' counsel agreed, on behalf of his insurance company, to pay $5,000 in settlement depended upon the recollection and note of the Judge as against the recollection of appellants' counsel. Under those circumstances, the Judge should have denied respondents' motion (see, e.g., *Stern Corp.* v. *Edelstone,* 264 App. Div. 865; *Post Inst.* v. *Lander Co.,* 251 App. Div. 23; *Accarino* v. *Hirsch,* 6 A D 2d 795, *supra*; *Mutual Life Ins. Co.* v. *O'Donnell, supra,* p. 280). We assume that we could modify the order on reargument so as to provide for a hearing before another judge, at which time common-law proof could be taken as to what transpired at the conference in chambers and as to the actual authority given by appellants' insurance carrier to its attorney. But the alleged stipulation was not reduced to writing by the parties and signed, nor was' a stenographic record made of what occurred in chambers. Since respondents suffered no prejudice from the repudiation of the alleged settlement, it would not be in the interests of justice to explore unnecessary and embarrassing issues of fact arising between counsel and the court (*Stern Corp.* v. *Edelstone, supra*; *Accarino* v. *Hirsch, supra*). Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.