Anne Kiernan BEIRNE and Patrick
Beirne, Plaintiffs,

v.

FITCH SANITARIUM, Inc., New York
Medical College, Flower and Fifth Ave-
nue Hospitals, Dr. J. P. McLaughlin,
Dr. Louis W. Maraventano and Dr. Rob-
ert S. Bickley, Defendants.

United States District Court
S. D. New York.

Nov. 28, 1958.

See also, 20 F.R.D. 93.

Krause, Hirsch, Gross & Heilpern,
New York City, for plaintiffs. Hyman
Gold, New York City, of counsel.

Samuel B. Lemkin, New York City,
for defendant Dr. Louis W. Maraven-
tano.

DAWSON, District Judge.

This is a motion by plaintiffs Anne Kiernan Beirne and Patrick Beirne seeking an order authorizing them to sever the above-entitled action against the defendant Dr. Louis W. Maraventano and to enter judgment against said defendant for certain sums of money.

This action was instituted for the recovery of damages for permanent personal injuries sustained by Anne Kiernan Beirne and for medical expenses and loss of earnings arising from the alleged negligence and malpractice of the several defendants. The plaintiff Patrick Beirne sued for loss of services of his wife.

The customary pre-trial discovery proceedings were had and various depositions taken. The action was sent out for trial before the undersigned. Various pre-trial conferences were held. As a result of these conferences considerable negotiations took place resulting in the parties reaching an agreed settlement. The only aspect of that settlement material to the instant motion is that the defendant Maraventano agreed to pay the sum of $10,500, within a reasonable time.

Following these negotiations the parties entered into a written stipulation, which was signed by all the attorneys, settling plaintiffs' cause of action upon certain terms and conditions. The aggregate payment to be made by the defendants to the plaintiffs was $44,000, and as part of this settlement the stipulation specifically provided "That the defendant, Dr. Louis W. Maraventano, pay to the plaintiffs and/or their attorneys the sum of Ten Thousand Five Hundred ($10,500) dollars." All the defendants, with the exception of Dr. Maraventano, have made the payments prescribed in the stipulation but he has failed to make any payment. Plaintiffs, therefore, seek the entry of a judgment against said defendant Maraventano.

The primary issue before this Court is whether a judgment can be entered against a party who has failed to fulfill his part of a settlement stipulation entered into before the Court.

More than five months have elapsed since the parties entered into this settlement and repeated demands have been made upon Maraventano and his attorney for payment in accordance with the stipulation. Attempts to communicate with Maraventano have apparently been fruitless. He has allegedly concealed himself in his home and refuses to respond either to phone calls or to personal visits by plaintiffs' attorney.

There has been no claim made that the stipulation was not duly entered into by attorneys representing Maraventano. All the facts point to the conclusion that this stipulation was entered into by all parties in good faith. Since this motion has been made the Court communicated with the attorney for Maraventano. He has advised the Court that he had been specifically authorized by his client to settle the action and to agree on his client's behalf that Maraventano would contribute the $10,500 to the settlement. What has apparently happened is that, for one reason or another, Maraventano no longer is willing to fulfill his obligation under the settlement agreement. This action places this Court in the position of deciding whether or not Maraventano's actions are to be condoned.

The settlement stipulation provided that upon the payments by the various defendants, and the delivery of releases by plaintiffs, an order was to be submitted discontinuing the action. The settlement and stipulation was orally approved by this Court and was filed in the court record. Though no formal judgment was entered at that time the settlement and stipulation had the cloak of the Court's approval. It was negotiated during and encouraged by the pre-trial conference, which is an integral and useful aspect of the procedures of this court.

The stipulation of settlement was entered into by Dr. Maraventano's attorney. While it is well established that an attorney, in prosecuting or defending his client's action, has implied authority

to take such steps as he may deem legal, proper and necessary in the control and management of the action, it does not follow that he has the power to compromise an action without the express authorization and knowledge of his client. In fact, it is clear under the applicable law that an attorney has no implied authority to settle or compromise a claim.[1] Petition of Trinidad Corp., 2 Cir., 1955, 229 F.2d 423; Ricketts v. Pennsylvania R. Co., 2 Cir., 1946, 153 F.2d 757, 164 A.L.R. 387; Hilditch v. American Bumper Corp., D.C.E.D.N.Y.1926, 15 F.2d 451; Jacobsen v. Overseas Tankship Corp., D.C.E.D.N.Y.1950, 11 F.R.D. 97; Rosen v. Grand, 2 Dept. 1958, 6 A.D.2d 799, 175 N.Y.S.2d 441; Accarino v. Hirsch, 2 Dept. 1958, 6 A.D.2d 795, 175 N.Y.S.2d 435. However, from the Court's knowledge of the progress of the settlement negotiations and of the statements made by Maraventano's attorney to the Court, the Court is convinced that the attorney was authorized by his client to agree to this settlement. Moreover, plaintiffs' attorney made repeated efforts to contact Dr. Maraventano in order to collect the agreed amount of the settlement. Dr. Maraventano did not respond in any way. It is a client's duty to express disapproval of a settlement within a reasonable time, if he has a basis for disapproval. If he does not object he makes the settlement his own. In this action there has been no claim either that Dr. Maraventano did not know of this settlement, or that he objected to it. Further, Maraventano's counsel informed this Court that he had authority to settle this claim. Such settlement was arrived at in good faith and was fair and equitable.

A reasonable compromise, even if unauthorized, under special circumstances, should not be disturbed by the Court. Holker v. Parker, 1813, 7 Cranch 436, 11 U.S. 436, 3 L.Ed. 396; In re Gsand, 3 Cir., 1946, 153 F.2d 1001.

■ Compromises of disputed claims are favored by the courts. Where the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might or would have been had the parties chosen to litigate rather than settle. Hennessy v. Bacon, 1890, 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605; J. Kahn & Co. v. Clark, 5 Cir., 1949, 178 F.2d 111.

■ The rules of law governing settlement agreements are well settled and beyond dispute. Generally, a settlement agreement may be enforced by motion in the original action. McKenzie v. Boorhem, D.C.W.D.Ark.1954, 117 F.Supp. 433; Eastern Display & Carton Corp. v. Presto Beverage Corp., Sup.App.Term, 1st Dept. 1956, 153 N.Y.S.2d 806; 15 C.J.S. Compromise and Settlement § 48 (1939).

■ Therefore, the action against defendant Maraventano is hereby severed from the above action, and under the established doctrine set forth above plaintiffs are entitled to a judgment effectuating the stipulation of settlement. The attorney for the plaintiffs stated in open court that he was ready to waive interest and costs. The judgment should be for the amount of $10,500, as provided in the stipulation of settlement.

Let judgment be entered accordingly.

1. This apparently differs from the English rule and the rule found in a very few jurisdictions in this country. See, Chown v. Parrott, 14 C.B.N.S. 74, 143 Eng.Rep. 372 (1863); Strattner v. Wilmington City Electric Co., 1901, 3 Pennewill, Del. 453, 53 A. 436; Bonney v. Morrill, 1870, 57 Me. 368.

The basis for the line of reasoning followed by the overwhelming majority of American cases appears to be based on the theory that an attorney is a limited agent and when a client hires him he confers upon him the powers necessary for the conduct of the action, but the right to conclude it for less than full value is the client's alone.