■ ALFRED J. MOYLAN et al., Appellants, v. EDWARD C. NAYLOR, Respondent.— Appeal from an order of Special Term denying a motion made by plaintiffs seeking to enforce a stipulation of settlement entered into in open court by the parties pursuant to rule 4 of the Rules of Civil Practice. An action was brought in the Supreme Court whereby the plaintiffs sought a declaration that they have an easement by prescription over certain portions

of the land of the defendant and further ordering defendant to remove certain barriers from the right of way involved and be enjoined from further interference with the plaintiffs' use of the property. While the case was pending the record shows that on February 16, 1959, the attorneys for the respective parties appeared before Mr. Justice ELSWORTH. The following colloquy took place: "Mr. Connolly [defendant's attorney]: It is hereby stipulated and agreed by and between the attorneys for the parties hereto that the above entitled action is settled upon the following terms: The defendant, Edward C. Naylor will give a written right of way to the plaintiffs Alfred J. Moylan and Helen L. Moylan for the use of a certain road across his property in the Town of Poestenkill, County of Rensselaer, and State of New York, which said right of way will be *subject to whatever restrictions are therein contained in the written agreement to be hereafter drawn and signed by the parties hereto.* It is also agreed that general releases will be exchanged by the parties hereto and the plaintiffs are to pay the sum of $250.00 to the defendant." (Emphasis supplied.) Thereafter the attorney for the plaintiffs drafted the "agreement conveying right of way" and submitted it to the attorney for the defendant who after several weeks advised the plaintiffs' attorney that the defendant would not sign the agreement. In the affidavit of the defendant on this motion he states that the stipulation was made without his permission or consent and that he has consistently refused to sign it. The record of the proceedings at the time of the stipulation do not recite that the defendant was present and consented but rather that the stipulation was "by and between the attorneys". This is a factual issue and if the defendant's contention is established the stipulation would be a nullity. (*Kargman* v. *Brooklyn & Queens Tr. Corp.*, 263 App. Div. 720.) Rule 4 under which this motion was brought states in part: "An agreement between parties or their attorneys relating to * * * an action * * * shall not be binding unless in writing subscribed by the party, or by his attorney or counsel * * * This rule shall not apply to oral stipulations between counsel made in open court." Concededly a stipulation made in open court may be binding on the parties to it but not under the circumstances of this case. The defendant in his affidavit further stated that he never intended to give an easement as drawn but only a grant by way of "rental of use". The subject of the action concerned the right to real estate and the stipulation by its very terms is "subject to whatever restrictions are therein contained in the written agreement to be hereafter drawn". There is nothing definite or certain as to the alleged agreement and by its very wording it does not pretend to express the terms of the contract to be drawn. The stipulation as it stands is impossible of performance. It might be classified as an "open end agreement". (*Post Inst.* v. *Lander Co.*, 251 App. Div. 23.) Order unanimously affirmed, with $10 costs.