WILLIAM F. REILLY, Respondent, *v.* WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.

Accord and satisfaction — when bar to an action — pleading — evidence — defendant must plead and prove both accord and satisfaction.

1. A defendant who seeks to set up the defense of accord and satisfaction as a bar must allege and prove both. If his claim is that his promise was accepted in satisfaction, that he must plead, since the burden is upon him to show the existence of a bar.

2. In an action to recover damages for personal injuries caused by the alleged negligence of the defendant, the latter alleges as a defense in a supplemental answer that he agreed to pay to the plaintiff, in full settlement of the cause of action set forth in the complaint. a certain sum; that the plaintiff in consideration thereof

agreed to accept said sum in full settlement of the action and upon the payment thereof to discontinue the action; that defendant tendered said sum to the plaintiff which he refused to accept and that defendant is and continues to be ready to pay over such sum to the plaintiff, but there is no allegation that the defendant's promise was to be received in satisfaction, and no facts pleaded from which such an inference can be drawn. The answer is, therefore, defective in that it pleads only an accord. (*Kromer* v. *Heim*, 75 N. Y. 574, followed; *Bandman* v. *Finn*, 185 N. Y. 508, distinguished.)

*Reilly* v. *Barrett*, 168 App. Div. 925, affirmed.

(Argued February 8, 1917; decided February 27, 1917.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 7, 1915, affirming a judgment in favor of plaintiff entered upon a verdict bringing up for review an order of the Appellate Division, entered December 4, 1914 (166 App. Div. 904), which affirmed an interlocutory judgment of Special Term dismissing a supplemental answer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herman S. Hertwig* for appellant. The matters alleged in the defendant's supplemental answer constituted a complete defense to the action. (*Bandman* v. *Finn*, 185 N. Y. 508; *Flegel* v. *Hoover*, 156 Penn. St. 276; *Schwartz* v. *Klar*, 144 App. Div. 37; *Kromer* v. *Heim*, 75 N. Y. 574; *Dunham* v. *Griswold*, 100 N. Y. 224; *Barnes* v. *Ryan*, 66 Hun, 170; *Douglas* v. *McLellan*, 143 Mo. App. 322; *T. S. Ry. Co.* v. *Fowler*, 74 N. J. Eq. 828; *Scranton G. & W. Co.* v. *Weston*, 57 Penn. St. 355.)

*Henry M. Dater, Jay S. Jones* and *Edward J. Fanning* for respondent. An alleged executory agreement of compromise made during the course of a pending action for personal injuries, in the absence of a release, or of a full performance of all the terms of the alleged

compromise, furnishes no defense to the action. (*Kromer* v. *Heim*, 75 N. Y. 574; *Foster* v. *Trull*, 12 Johns. 456; *Moorehouse* v. *S. Nat. Bank*, 98 N. Y. 503; *Simons* v. *Legion of Honor*, 178 N. Y. 263; *Goffe* v. *S. Nat. Bank*, 98 N. Y. 503; *Post* v. *Thomas*, 212 N. Y. 263; *Cornell* v. *Taylor*, 137 App. Div. 496; *Grossman* v. *Philips*, 83 Misc. Rep. 473; *Matter of Seybel*, 120 App. Div. 291; *Goffe* v. *Jones*, 132 App. Div. 864; *Colt* v. *O'Connor*, 59 Misc. Rep. 83, 93; *Business Men's Realty Co.* v. *Comet Co.*, 152 App. Div. 941.)

ANDREWS, J. This action was brought to recover damages for personal injuries caused by the alleged negligence of the defendant. As an affirmative defense a supplemental answer alleged "That on or about the 16th day of August, 1912, the defendant, in good faith, served his verified answer to the complaint herein denying generally the validity of the plaintiff's claim, and thereafter, and on or about the 10th day of December, 1913, an agreement was made between the plaintiff and the defendant, through their respective attorneys, by which the defendant agreed to pay to the plaintiff in full settlement of the cause of action set forth in the complaint the sum of two hundred dollars, and the plaintiff, in consideration thereof, agreed to accept the said sum in full settlement of the action, and upon the payment thereof to discontinue the action without costs." The answer then alleges tender of the sum of two hundred dollars to the plaintiff and his refusal to accept the same; and the continued readiness of the defendant to pay over such sum to the plaintiff.

The sufficiency of this defense was challenged by the demurrer, and the sole question in this court is whether the decision of the Special Term, affirmed by the Appellate Division, sustaining such demurrer is correct.

An agreement whereby one party undertakes to give or perform, and the other to accept in settlement of an existing or matured claim something other than what he

believes himself entitled to, is an accord.   The execution of such an agreement is a satisfaction.

An accord, when followed by satisfaction, is a bar to the assertion of the original claim.   Until so followed it it has no effect.

The fact that the original claim is based on contract or in tort is immaterial.   Either may be barred by accord and satisfaction.   So it is whether the claim is liquidated or unliquidated, except that in the former case certain principles as to consideration are enforced which are not applicable to the latter.

These rules apply to every such transaction.   It may be called a compromise.   But whatever the name given the original claim is not barred until the satisfaction is completed.   (*Kromer* v. *Heim,* 75 N. Y. 574; *Brooklyn Bank* v. *De Grauw,* 23 Wend. 342.)

The satisfaction contemplated by the accord may involve the payment of money or the delivery of property.   Or the creditor may agree to accept the debtor's promise itself in satisfaction rather than the performance of this promise.   (*Kromer* v. *Heim, supra.*)

In any event the defendant who seeks to set up this defense as a bar to the original action must allege and prove both the accord and the satisfaction.   If his claim be that his promise was accepted in satisfaction, that he must plead.   The burden is upon him to show the existence of a bar.   (*Babcock* v. *Hawkins,* 23 Vt. 561.)

The answer clearly shows an executory agreement by which the defendant agreed, within a reasonable time, to pay the plaintiff the sum of two hundred dollars, and by which the plaintiff agreed to accept that sum when tendered in settlement of the action, and thereupon to discontinue such action without costs.   There is no allegation that the defendant's promise was to be received in satisfaction, and no facts pleaded from which such an inference can be drawn.   The answer is, therefore, defective in that it pleads only an accord.

The plaintiff relies upon *Bandman* v. *Finn* (185 N. Y. 508). But, as is clearly pointed out, that was the case of a creditor holding an unmatured and contingent obligation agreeing with his debtor for the surrender of the obligation. The authority of *Kromer* v. *Heim* is not weakened and it has been cited as late as *Mance* v. *Hossington* (205 N. Y. 33).

The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, POUND and McLAUGH-LIN, JJ., concur; CARDOZO, J., absent.

Judgment affirmed.