DANIEL CANFIELD, Appellant, *v.* FRANK PULSIFER, Respondent.

Third Department, June 21, 1929.

*Fred W. Dudley,* for the appellant.

*Patrick J. Tierney,* for the respondent.

WHITMYER, J. The action is for alleged negligence. On December 11, 1927, at about six-thirty P. M., a two-wheel cart, drawn by a horse, with plaintiff driving, and an automobile, with defendant operating, collided on a highway in Essex county, this State, and plaintiff was injured. On December 24, 1927, the parties made an agreement which recited, among other things, that they desired to avoid any controversy or litigation with respect to damages on account of the injuries sustained, and that defendant, without acknowledging any legal liability for the accident, desired to reimburse plaintiff to some extent for doctor's bills and other expenses, agreed to assume and pay a certain doctor's bill to an amount not exceeding seventy-five dollars, and the bill for plaintiff's care, attendance and treatment at a community house, and also to pay to plaintiff the sum of fifteen dollars per week until he had sufficiently recovered to commence work again, in consideration whereof plaintiff agreed to accept the payment of said bills and sums as and for full payment and satisfaction of all claims, sums of money, causes of action or damages on behalf of himself, or his heirs, executors and administrators, on account of any expenses incurred or damages sustained by him through said accident, and, upon payment, to execute and deliver to defendant a good and sufficient release from liability and damages by reason of said accident. The action was commenced May 10, 1928. The defendant's answer was a denial, contributory negligence of plaintiff, an affirmative defense as to the agreement, and performance thereof. And plaintiff replied, unnecessarily, admitting the agreement, but denying performance. Whether or not the agreement was a complete satisfaction is the question. The claim is based on an alleged tort which could be barred by an accord and satisfaction. (*Reilly* v. *Barrett,* 220 N. Y. 170, 173.) An accord is not sufficient, but must be followed by a satisfaction. (*Reilly* v. *Barrett, supra.*) The agreement preceded the action. It contained a promise on the one side to pay certain amounts and items and on the other to receive such payments as and for full payment and satisfaction

of all claims or damages and, upon payment, meaning full payment, to give a release. It shows that the promise was not accepted in full satisfaction, but that payment was to constitute satisfaction. The answer merely set up the agreement and alleged performance. It did not allege that plaintiff accepted defendant's promise in full satisfaction. And that was necessary if that was the claim. (*Reilly* v. *Barrett, supra.*) Where an accord and satisfaction are claimed, it is necessary to allege and prove both. And the burden is on the one who makes the claim. In *Moers* v. *Moers* (229 N. Y. 294, 300) the contract related to matters other than, as well as those involved in the original action. It concerned all the claims of each party against the other, and each entered into new agreements and assumed new obligations. There, the contract was a new and superior one. Here, a question of fact as to performance remains.

The judgment should be reversed on the law and a new trial granted, with costs to plaintiff to abide the event.

VAN KIRK, P. J., HINMAN, DAVIS and HILL, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.