In the Matter of the Estate of RAYMOND A. SHAVER, Deceased. FRANCIS R. SHAVER, as Executor of RAYMOND A. SHAVER, Deceased, et al., Appellants; BLANCHE SHAVER, Respondent. — Executor and appellant Bullis appeal from an order of the Surrogate's Court of Hamilton County relieving petitioner [respondent] from a stipulation settling her account with the executor, permitting her to continue proceedings started by her in the estate of her deceased husband and fixing the compensation of appellant Bullis, as her attorney. Raymond Shaver died testate April 30, 1950. His will was executed August 24, 1947, and admitted to probate May 4, 1950. He had married petitioner April 1, 1950. The will provided that his entire estate should go to his mother, Cora Shaver. The widow filed notice of election under section 18 of the Decedent Estate Law and later instituted other proceedings by objections to the executor's account. The stipulation of settlement resulted from lengthy negotiations after the substitution of appellant Bullis in place of petitioner's original attorney. It was entered upon the court record in the presence of the parties and their attorneys in open court. The court approved it as a wise settlement. Petitioner, in response to his inquiry, said it was entirely acceptable to her. Soon afterward the personal check of counsel for the executor, in the stipulated amount of the settlement, was forwarded to appellant Bullis, as attorney, who cashed it and still holds the proceeds. The executor alleges that he then made a compromise with and paid one creditor of the estate and gave a note or notes to Cora Shaver in payment of her claims against decedent, which claims he states to have been held in abeyance pending settlement with the widow, who had filed objections. These allegations are not disputed and, by reason thereof, he contends that the estate cannot be restored to its *status quo* before settlement was made with petitioner. The stipulations became a contract between the parties. (Rules Civ. Prac., rule 4; *Buda* v. *State of New York*, 278 App. Div. 424, 427; *Pines* v. *Beck*, 300 N. Y. 181, 187.) The authority of the court to relieve one from it is an exercise of discretion which cannot be invoked without cause shown. (*Matter of Callahan*, 106 Misc. 202, 204, affd. 188 App. Div. 944.) Here petitioner, except for a self-serving conclusion of her belief that her interest in the estate is in excess of the amount she stipulated to accept, unsupported by any facts, brought forward no sound cause

for relief. Her new attorney stated in court, "Nobody is questioning here certainly the Court or the way it was conducted or the way that Mr. Bullis acted. No question of fraud or overreaching. The only question is the judgment as to whether he should have settled at that figure." The stipulation should be reinstated, no sound reason having appeared calling for the exercise of the court's discretion and equities having intervened. It will be appropriate for the Surrogate's Court to consider the question of the fixing of the fee and disbursements of appellant Bullis in the light of the reinstated stipulation. Order reversed, on the law and facts, and proceeding remitted to the Surrogate's Court of Hamilton County for action in conformity with this memorandum, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.