Sanford H. Cohen, J.
This case has been tried before me without a jury and findings of fact and conclusions of law have been waived.
Augusta Suss, who is the assignee of Cooper-Kenworthy, Inc., is the plaintiff and sues the defendant, United Silk Weavers Corp., for goods, wares and merchandise consisting of yarns sold to the defendant over a period — as alleged in the complaint— between April 30, 1952, and May 6, 1953. The complaint has attached thereto a schedule giving the dates of the sales and purchases by the defendant.
The amount sued for, claimed to be due, is $3,478.77.
The defendant in its answer alleges as an affirmative defense an accord and satisfaction which it claims was made May 1, 1953, and further alleges in a second affirmative defense, certain express and implied warranties with respect to the goods and merchandise delivered.
Paragraph 2 of the plaintiff’s complaint, it is admitted, was not denied by the defendant and therefore is deemed admitted. Paragraph 3 of the complaint is also admitted, and paragraph 4, to the effect that the balance is $3,478.77, is admitted without prejudice to the defenses set up in defendant’s answer.
The testimony discloses that the parties — and when I refer to parties I mean, on the plaintiff’s side, the plaintiff’s assignor — had been doing business for years and that as a result of this business which was conducted by them there began a so-called ‘ ‘ running account ’ ’, which began on April 30, 1952, and referred to in schedule A, which seems to have a balance of $1,536, the amount then owing.
*658 There have been questions as to that, which was not made clear, but it is immaterial, since the amount of $9,323.70 attached to schedule A seems to be the amount which adds up to schedule A, upon which there has been admittedly paid $5,884.96. This balance of $3,478.77 appears as the amount to be recovered by the plaintiff.
The testimony indicates that Mr. G-oldfarb, an officer of the defendant, according to his testimony, made certain claims orally at the end of March, 1953 in respect to the goods which he had received from the plaintiff and which he used in making up various fabrics for sale by his company. The plaintiff’s witnesses, on the other hand, claim that principal conversations in respect to this merchandise were held at the end of 1951 and the beginning of 1952. These conversations in April, 1953, culminated in a letter dated May 1, 1953, which is marked defendant’s Exhibit A, which is urged in support of the oral arrangement made between them and which arrangement the defendant claims was the accord and satisfaction pleaded by it in its answer.
One of the witnesses for the plaintiff did state that there was a discussion as to damaged pieces, in the conversation held in April of 1953.
The contentions therefore of the parties are:
The plaintiff claims that the letter of May 1,1953, was merely an arrangement for payment of the long-standing indebtedness on the running account mentioned in schedule A attached to the complaint, and that if the conversation together with the Exhibit A is supportable by the credible testimony, then that was merely an accord without a satisfaction.
The defendant claims that the oral conversations together with this letter of May 1, 1953, being defendant’s Exhibit A, was not only in accord, but also a satisfaction. The witness Goldfarb in his testimony stated that he did make sales of the damaged pieces, which after further questioning by the court resulted in the statement that these damaged pieces were sold to one Ackerman for the sum of $1,600. He also testified about a settlement of a suit which was commenced against him by one Paramount, and this settlement resulted in a payment of approximately $1,600.
In that suit with Paramount there was a claim made by Paramount regarding the rejected, unsatisfactory goods, in addition to other claims made by Paramount against the defendant all of which resulted in the settlement of $1,600. In any event, it is admitted in the testimony that the defendant had never communicated with the assignor as to the sales which he *659 made of these damaged pieces which were referred to in Exhibit A, the letter of May 1, 1953. Nor did he ever remit any part of what he received which admittedly was sold in April, 1954 to Ackerman Fabrics at 32 cents per yard.
It is my opinion — and I find from the credible testimony adduced here at the trial before me — that there does not appear to be an accord and satisfaction in this case, but that it appears to be an effort on the part of the assignor to maintain good business relations with the defendant, in that it was admitted by the witness Goldfarb that the long delay, and the failure to pay, as he stated, may have been due to his being “ strapped for money ” at that time. It should be noted in this connection that between April 30, 1952, and June 11, 1952, there were substantial amounts due to the assignor from the defendant, and that there were no sales, according to this schedule from June 11, 1952, to January 15, 1953, Avhen sales were again made by the parties, beginning with a small item on January 15, 1953, of $10.35, which increased during the month of January, and then in April, 1953, there was approximately $800 in merchandise sold by the assignor to the defendant here.
The court considers quite significant the fact that after the May 1 letter there was on May 6 an amount of $555 purchased by the defendant from the plaintiff, and further that the check and notes which were sent to the assignor were dated as follows: The check for $500 was dated May 22, 1953, at least 20 days after the letter, defendant’s Exhibit A, and it is also significant that the notes each in the sum of $500 were dated May 29, 1953. Nothing seems to have been paid thereafter, as I' have noted heretofore.
It seems to me that the plaintiff has sustained the burden of proof in this action, and has by a preponderance of credible evidence supported and proved its case. This is further supported by the letter which is plaintiff’s Exhibit 2 in eMdence, dated July 30, 1953, which was sent by the assignor to the defendant, in which it appears that it was merely, as claimed by the plaintiff, an arrangement for more convenient payment by the defendant to the plaintiff of the amount owed.
Now, even if it were as claimed by the defendant as to the oral conversations had with the representatives of the assignor, that they struck a balance, and that that resulted in an accord, it does not appear that there was a satisfaction. The failure of the defendant to complete what it has called the accord to the extent of making it a satisfaction precludes the sustaining of its defense on that ground. The court relies in that connection on the case of Reilly v. Barrett (220 N. Y. 170), and also upon *660 section 33-a, particularly subdivision 3 of the Personal Property Law, which gives the plaintiff the rights asserted here upon the failure to perform what the defendant claims was an executory accord.
On the question of the breach of warranty it is conceded here that there appeared on the letterheads or invoices of the assignor, a provision limiting the time upon which claims could be made, but in addition to that the witness Goldfarb testified that the goods when received from the plaintiff were examined and inspected at its mill. So that there was full opportunity for the return of the goods if the condition and quality of these goods resulted in the damage which the defendant claimed in its answer.
I therefore find on the facts and on the law that the defendant has failed to sustain the burden which is cast upon it in connection with both the defenses raised by it in its answer. And I award judgment to the plaintiff in the sum of $3,478.77, as demanded in the complaint, together with interest from November 29, 1953. Judgment will therefore be entered accordingly with exception to defendant.