ARTHUR LANGLOIS, Appellant, *v.* FRED LANGLOIS, JR., et al., Respondents.

Third Department, December 19, 1957.

*Henry S. Bayly* and *Bernard Simon* for appellant.

*Thomas J. McCarthy* and *Franklin M. Peabody* for respondents.

*Per Curiam.* This action had been brought on July 7, 1954 to recover for severe personal injuries suffered by the plaintiff as a passenger in a truck owned by one defendant and operated by the other. After the case had been reached for trial and the jury had been impaneled and opening statements had been made, a conference was held in chambers at which the Judge, the plaintiff in person and the plaintiff's attorneys were present and it was orally agreed that the defendants' offer of $10,000 in settlement of the case would be accepted and the case would be settled accordingly. The defendants' attorneys were then called in and advised that the plaintiff had accepted their offer of $10,000 in settlement of the case. The Judge thereupon returned to the courtroom, announced that the case had been settled and discharged the jury. The case was marked " settled " and was stricken from the calendar.

Thereafter, the plaintiff refused to execute a general release on the ground that the amount of the settlement was inadequate. The plaintiff's attorneys then filed a new note of issue; thereupon, the defendants applied by order to show cause for an order vacating the note of issue and ordering that the action be dismissed if the plaintiff did not comply with the terms of the settlement within a reasonable time. The affidavit filed by the defendants alleged that they had expended a considerable amount of time and money in preparing the case for trial and that they would suffer great prejudice if the settlement were not carried out and they were required to prepare the case for trial a second time. The plaintiff appeared in opposition to the defendants' application but submitted no affidavit. The defendants' motion was granted and the court entered an order vacating the second note of issue and directing that the action be dismissed unless the plaintiff accepted " the settlement of this action for the sum of Ten Thousand Dollars ($10,000) agreed upon before the Court in Chambers on January 19, 1956, by plaintiff and his attorneys and the attorneys for defendants at a Trial Term of this Court ".

In his brief in this court, the plaintiff admits that the oral settlement had been made as set forth in the defendants' affidavit but he contends that he had the right arbitrarily to repudiate the settlement because it had not been reduced to writing and signed, in accordance with section 33-a of the Personal Property Law, which makes executory accords enforcible but requires them to be in writing. We agree that, because of the absence of a writing, the statute is not applicable here and that this case must be determined in accordance with common-law principles. An executory accord, under which the claim was not to be discharged until the agreed satisfaction was fully performed, was not enforcible at common law (*Reilly* v. *Barrett,* 220 N. Y. 170; *Moers* v. *Moers,* 229 N. Y. 294; 6 Williston on Contracts [Rev. ed.], §§ 1838–1839; 1937 Report of N. Y. Law Rev. Comm., pp. 201–248). This doctrine was the result of historical accident and has little rational basis to commend it in modern times (1937 Report of N. Y. Law Rev. Comm., *supra,* pp. 213–217). Nevertheless, it is still the law of New York State, if the executory accord is not reduced to writing and executed in accordance with the statute. There is, however, a settled distinction between an executory accord and a superseding agreement. Under the latter, the original claim is extinguished at once and the defendant's promise to pay the amount of the settlement is substituted for the original claim. Such a superseding agreement is enforcible at common law. (*Moers* v. *Moers, supra.*) "It is a question of interpretation whether a subsequent agreement between creditor and debtor means that this agreement itself shall immediately discharge the earlier duty and be substituted for it, or whether it is only performance of that agreement that shall have that effect." (2 Restatement, Contracts, § 418, comment *a.*)

A settlement agreement ought to be construed as a superseding agreement, if the original claim was a disputed and unliquidated claim, like a claim for damages in tort, in settlement of which the defendant agreed to pay a fixed sum upon delivery of a general release. Such a construction would be in accord with the view adopted by the American Law Institute (2 Restatement, Contracts, § 419). It is natural to infer that the tort claimant would prefer to have the benefit of an enforcible promise by the defendant to pay a fixed sum, rather than to retain the disputed tort claim. The claimant acquires that benefit at once if the settlement agreement is construed as a superseding agreement. On the other hand, if it is construed as a mere executory accord, it is not enforcible by either party against the other and the plaintiff runs the risk of the defendant's arbitrarily repudiating the settlement, a risk which the plaintiff would presumably not wish to run.

Notwithstanding these strong reasons for construing all settlements of tort claims, in the absence of an expression of a contrary intention, as superseding agreements, there is a strong line of authority in this State to the effect that an agreement settling a tort claim made prior to suit or made out of court during the pendency of the action is presumed to be a mere executory accord. (*Atterbury* v. *Walsh Paper Corp.*, 261 App. Div. 529, affd. 286 N. Y. 578; *Canfield* v. *Pulsifer*, 226 App. Div. 445; *Kargman* v. *Brooklyn & Queens Tr. Corp.*, 263 App. Div. 720; *Rubin* v. *Siegel*, 181 App. Div. 181; but see *Ostrander* v. *Ostrander*, 199 App. Div. 437.) However, when the case is actually reached in court and a settlement is agreed upon in open court and is spread upon the minutes of the court as a disposition of the case, it is invariably construed as a superseding agreement (see e.g., *Matter of Shaver*, 282 App. Div. 816). '' The old causes of action were terminated. A new liability was substituted therefor * * * Enough to say that it superseded the old.'' (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435, 446.)

While the settlement in this case may not technically have been made in open court (*Matter of Gardiner*, 204 Misc. 884, but see *Gass* v. *Arons*, 131 Misc. 502), the circumstances were such as to warrant an inference that the parties intended it to be a superseding agreement. The trial was actually in progress, the fact that the case had been settled was recorded in the clerk's minutes, the case was marked '' settled '' on the court calendar, and the jury was discharged. Both sides must have regarded the case as disposed of. It must be concluded under these circumstances that the parties intended that the settlement should be immediately effective to extinguish the original tort claim and to substitute therefor the defendants' promise to pay the amount of the settlement.

There is no requirement that such a superseding agreement be in writing in order to make it enforcible. As the Law Revision Commission stated in the note appended to chapter 77 of the Laws of 1937, adding section 33-a to the Personal Property Law, it intended to exclude from the operation of the section requiring an executory accord to be in writing '' the case where the parties agree to extinguish the existing obligation immediately on the making of the new promise ''. (1937 Report of N. Y. Law Rev. Comm., *supra*, p. 203.)

Neither was the agreement in this case required to be in writ-ing under rule 4 of the Rules of Civil Practice requiring stipula-tions to be in writing unless made in open court. That rule is applicable only to agreements relating to matters in the action

and it does not apply to an agreement completely disposing of the action and of the claim upon which it is based (*Lloyd* v. *R. S. M. Corp.*, 225 App. Div. 85, 89, revd. on other grounds 251 N. Y. 318; *Smith* v. *Bach*, 82 App. Div. 608; *Lee* v. *Rudd*, 120 Misc. 407; *Matter of Gardiner*, 204 Misc. 884, *supra*; 15 C. J. S., Compromise and Settlement, § 17).

The plaintiff was, therefore, bound by the settlement agreement; it was a superseding agreement and not a mere executory accord. Furthermore, even if it were found that the settlement agreement was an executory accord and that the underlying claim was not extinguished by the agreement, it does not necessarily follow that the plaintiff is entitled as a matter of right to have the case restored to the calendar, on his repudiation of the executory accord. The plaintiff not only entered into the settlement agreement but he consented to the striking of the case off the calendar. The court has discretionary control over its calendar and, if the withdrawal of the plaintiff's consent would result in prejudice to the defendants, the court, in the exercise of its discretion, may refuse to permit such withdrawal and may refuse to restore the case to the calendar, provided that the defendants keep good the tender of the amount which had been agreed upon in settlement of the case.

In any view of the case, the plaintiff had no right to proceed, without the authority of the court, to restore the case to the calendar simply by filing a note of issue. The portion of the order appealed from which vacates the note of issue was, therefore, proper. However, we believe that the plaintiff should be given an opportunity to show good cause, if any exists, for his repudiation of the settlement. The plaintiff had apparently relied upon a view of the law which gave him the absolute right to repudiate the settlement and therefore, he had offered no reasons for his repudiation in opposition to the defendants' motion and he had made no cross motion to restore the case to the calendar. In view of our rejection of the plaintiff's legal theory, we believe that the case should be remitted to the Special Term for further hearing so that the plaintiff, if he is so advised, may submit opposing affidavits and make a cross motion for restoration of the case to the calendar. Of course, the plaintiff will not be entitled to a restoration of the case unless he shows good cause for annulling the settlement agreement (*Bruder* v. *Schwartz*, 260 App. Div. 1048; *Bond* v. *Bond*, 260 App. Div. 781).

The portion of the order which directed a dismissal of the action unless the plaintiff carried out the settlement should be reversed and the matter remitted to the Special Term for further hearing, in the light of any affidavit or cross motion which the plaintiff may submit.

The portion of the order vacating the note of issue should be affirmed and the remainder of the order should be reversed and the matter remitted to the Special Term for further hearing, all without costs.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

The portion of the order vacating the note of issue affirmed, and the remainder of the order reversed, and the matter remitted to the Special Term for further hearing, all without costs.