█    PARVIZ MONASEBIAN, Respondent, v. EDWIN R. DU BOIS et al., Appellants.— Order of the Supreme Court, Queens County, dated January 3, 1968, which granted plaintiff's motion to vacate a settlement and restore the action to its appropriate place on the Trial Calendar, affirmed, without costs. Upon this record it is clear that the proposed $5,000 settlement was necessarily tentative, as the liens and assignments exceeded the money available. There is present here neither a written stipulation of settlement nor a settlement reached in open court and spread upon the minutes, which could be construed as a superseding agreement terminating the old cause of action and substituting therefor a new liability (see *Langlois* v. *Langlois*, 5 A D 2d 75, 78; *Kargman* v. *Brooklyn & Queens Tr. Corp.*, 263 App. Div. 720). The action was merely marked settled following out of court conversations between counsel. The inability to conclude the settlement by adjustment of all the liens and assignments made settlement under the circumstances here impossible of performance. Relief from stipulations will be granted based on general equitable considerations, particularly where, due to circumstances beyond the control of the parties, the purposes of the stipulation are frustrated or the contingencies of the settlement fail to occur (see 2 Carmody-Wait 2d, New York Practice, § 7:20; *Kargman* v. *Brooklyn & Queens Tr. Corp., supra; Goldstein* v. *Goldsmith,* 243 App. Div. 268; cf. *Horodeckyi* v. *Horodniak,* 9 A D 2d 732). In our opinion, it cannot be said that the vacating of the settlement and the restoring of the action to the calendar constituted an improvident exercise of discretion. Brennan, Acting P. J., Benjamin and Munder, JJ., concur; Rabin and Hopkins, JJ., dissent and vote to reverse the order and to deny the motion, with the following memorandum: In this action to recover damages for personal injuries, plaintiff accepted defendants' offer of $5,000 in settlement of the case. The settlement was made on the eve of trial following negotiations over a two-day period. Accordingly, the action was marked "settled" in Trial Term without any conditions or reservations. Nearly nine months after the case was marked "settled", plaintiff's attorney moved to vacate the settlement, asserting for the first time that the liens and assignments exceeded the amount of the settlement and, contrary to his original belief, that he was unable to negotiate the outstanding liens so that they could be disposed of within the $5,000 settlement figure. There is nothing in this record to suggest that the settlement was contingent upon the success of plaintiff's attorney in reducing outstanding liens. Moreover, affidavits submitted in support of the motion fail to allege that the settlement was in any way conditional. In our opinion, the circumstances of this case were such as to warrant an inference that the parties intended it to be a superseding agreement which was immediately effective to extinguish the original tort claim and to substitute therefor defendants' promise to pay the amount of the settlement. The stipulation of settlement at bar settled the pending action and terminated this litigation by bringing into being a new contract (*Hegeman* v. *Conrad,* 284 App. Div. 969). Such a superseding agreement may not be set aside except for reasons that would invalidate a contract, such as fraud or overreaching (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.,* 247 N. Y. 435; *Bond* v. *Bond,* 260 App. Div. 781; *Schweber* v. *Berger,* 27 A D 2d 840). There is no requirement that such a superseding agreement be in writing in order to make it enforcible (*Langlois* v. *Langlois,* 5 A D 2d 75, 79). At bar the case was marked "settled" on the court calendar and the fact that the case had been settled was presumably recorded in the clerk's minutes. Under these circumstances we are of the opinion that the

requirement that the settlement, in order to ripen into a superseding agreement, be made in open court was sufficiently complied with (see *Langlois* v. *Langlois, supra,* p. 78).