OPINION OF THE COURT
Jerome B. Fleischman, J.
This proceeding involves a petition by respondent to modify a prior support order of this court and a cross petition by petitioner to punish respondent for contempt of court in *1005 failing to comply with the aforesaid support order. After a hearing on August 23, 1991, the court finds the following facts:
Upon the application of petitioner for the modification and enforcement of the child support provisions of a 1976 Supreme Court divorce judgment under which Family Court was given concurrent jurisdiction, a consent order was entered in this court on March 11, 1991, which directed respondent to pay child support of $125 per week until August 14, 1991, when it was reduced to $100 a week, with a further reduction to $75 a week to take place September 19, 1993. Each reduction date coincided with the attainment of the age of 21 years by one of the three children of the parties.
In addition, respondent agreed to pay petitioner the sum of $10,000 for all arrears of child support to that date. This sum was to be paid in two installments: $5,000 within 90 days, and $5,000 by August 14, 1991. The sum of $10,000 was a negotiated amount in settlement of claimed arrears in excess of $22,000. Before the expiration of the 90-day period, respondent filed his petition herein. The reason given for not paying the $10,000 settlement was that respondent did not receive a certain income tax refund he intended to use for the first installment; and he has not been afforded over-time work which he was relying on for the second payment.
While respondent has clearly violated a support order of this court, it cannot be held that his failure to pay the lump sums which he had agreed to was willful, as there has been no showing that he had the funds to pay. Therefore, he cannot be held in contempt. (Matter of Farmer v Farmer, 123 Misc 2d 298 [1984].)
What we are faced with here is an executory accord, as defined in General Obligations Law § 15-501 (1). Petitioner now has the choice of enforcing the accord, or proceeding with her original claim. (General Obligations Law § 15-501 [3].) She has chosen the latter, and the court will honor her choice based on general equitable considerations. That is, respondent misled petitioner into believing that he would pay a lump-sum settlement in order to get her to waive more than one half of what she was owed, when he should have known that he would be unable to honor his commitment. It would now be unfair to permit respondent to profit from his unconscionable behavior. (See, Monasebian v Du Bois, 30 AD2d 839 [2d Dept 1968].)
*1006 In making this disposition, the court is not unmindful of the cases which hold that a settlement in open court of a tort claim is a superseding agreement, which extinguishes the original claim, and not an executory accord. (Langlois v Langlois, 5 AD2d 75 [3d Dept 1957].) These cases are distinguishable in that they involved disputed and unliquidated claims. In the case at bar, petitioner’s claim was neither.
Respondent admitted that he had not paid any child support since 1985. Petitioner testified that the nonpayments totaled $22,450. This was not contradicted or disputed. The reason given by respondent for not paying child support all of those years was that he did not know where petitioner and the children were living, and that he was thereby deprived of his visitation rights. However, it appears that petitioner and the children lived at the same address in Fresh Meadows, New York, and had the same telephone number, from 1975 to 1987. Thereafter, they moved to Dix Hills, but one of the children kept in touch with respondent. Respondent also knew where petitioner worked and called her there by telephone many times. Therefore, his attempt to excuse his nonpayment of support is without merit.
Accordingly, the order of this court entered March 11, 1991 is modified to the extent of vacating that part thereof which ordered respondent to pay arrears of $10,000. In place and stead thereof, this court finds that respondent has violated the support provisions of the January 28, 1976 divorce judgment and is in arrears thereunder from March 1, 1985 through November 22, 1990 in the sum of $22,450. It is ordered that a judgment be entered in favor of petitioner against respondent for said sum of $22,450, with interest from November 23, 1990; and respondent is ordered to pay said arrears at the rate of $200 a week, commencing September 6, 1991, at the same time and together with his child support payments, through the Support Collection Unit, making a total weekly payment of $300.
Respondent should be able to pay this sum. While he is remarried and has a child by his second wife, his combined gross family income, of which he is the primary source, exceeds $90,000 a year. His living expenses and debt service amount to approximately $38,500 a year.