OPINION OF THE COURT
David B. Saxe, J.
This action has arisen because notices sent to debtors on *630 behalf of secured creditors, proposing that the creditors retain certain collateral in satisfaction of the debt, failed to specifically name all the pledged collateral. Claiming an automatic entitlement to the remainder of the pledged collateral which was not specifically named in the notice, the plaintiffs present the court with an issue of first impression: does UCC 9-505 require that where a notice to retain collateral lists only part of the pledged collateral, the debtor is automatically entitled to possession of that collateral which was not named?
The individual defendants were the original shareholders of Steelridge Farms Inc. (Steelridge), a New Jersey corporation organized in 1982 to operate a horse farm in Bloomsburg, Pennsylvania; they were also the original partners of Blooms-burg Properties, which owned the real property on which the horse farm was situated.
On January 2, 1986, plaintiffs Abraham Weiss and Harry L. Stern agreed to purchase from these defendants a 50% interest in Steelridge and a 100% interest in Bloomsburg Properties. On that date these parties entered into a sale of stock and shareholders’ agreement as well as a sale of partnership interests and partnership agreement.
Under the sale of stock and shareholders’ agreement, the plaintiffs agreed to purchase 50% of the outstanding shares of Steelridge stock, as well as 50% of the outstanding corporate obligations owed by Steelridge to the individual defendants, documented by five demand notes, each payable to a shareholder (the Stolls are united in interest and acted in effect as one shareholder) and each in the amount of $76,611.
The closing of these agreements took place on May 13, 1986. The plaintiffs each executed a promissory note in the amount of $216,527 evidencing their obligation to pay the purchase price for the shares of Steelridge stock, and the parties also executed a stock pledge agreement, under which the plaintiffs delivered the shares of Steelridge stock and the demand notes which they purchased, to be held in pledge by Danziger & Markhoff until plaintiffs made full payment on the promissory notes. A security agreement was also executed by each plaintiff, conveying to the individual defendants a security interest in the Steelridge stock certificates representing the shares purchased by that plaintiff, and the plaintiffs’ interest in Bloomsburg Properties, to secure payment of the promissory notes in both the Steelridge and the Bloomsburg transactions.
It is undisputed that both plaintiffs defaulted in payments *631 under the terms of their promissory notes: Weiss after six monthly payments, Stern after 23 payments. Together they paid $38,677.01 in principal on their combined obligation of $433,054. After each plaintiff's default, each was sent notice of default and demand to cure by Danziger & Markhoff, indicating that the individual defendants would seek possession of all collateral. Thereafter, each was sent a letter by Danziger & Markhoff stating that the individual defendants proposed to "retain, in satisfaction of the plaintiffs’ obligations under the agreement the stock certificates representing all of your outstanding shares of capital stock in Steelridge Farms, Inc. and your entire interest as a general partner in Bloomsburg Properties and in its assets, goodwill and firm name.” The letters recited only the collateral which was listed in the security agreement, and made no specific mention of the demand notes, which were listed as collateral in the stock pledge agreement but not in the security agreement. Neither plaintiff responded within the 21 days allotted by UCC 9-505 (2), and thereafter the individual defendants took possession of the shares as well as the demand notes from the pledgeholder.
On February 8, 1990 the plaintiffs wrote a joint letter to Danziger & Markhoff, confirming their acceptance of the foregoing proposal and demanding the immediate return of the five demand notes being held in pledge. Thereafter, upon determining that the demand notes had been reclaimed by and turned over to the individual defendants, they commenced this action against the individual defendants for conversion, and against Danziger & Markhoff for alleged breach of their obligation as pledgeholder.
A number of motions and cross motions are presented here:
(1) Defendant Danziger & Markhoff move to change venue to Westchester County, since they didn’t agree — as the other defendants did — to New York as a venue. This motion is denied at the outset, since venue is not improper here;
(2) the plaintiffs move for partial summary judgment against the individual defendants on their first cause of action for conversion of the five demand notes under UCC 9-505;
(3) the individual defendants cross-move for summary judgment on their cross claim against Danziger & Markhoff for indemnification;
(4) the defendant Danziger & Markhoff cross-moves for summary judgment dismissing the complaint as against it and on its counterclaim against the plaintiffs for costs and fees;
*632 (5) the individual defendants move for summary judgment dismissing the complaint as against themselves;
(6) the individual defendants, as third-party plaintiffs, move for summary judgment against third-party defendant John Hochfelder, who allegedly advised Danziger & Markhoff on how to proceed regarding the collateral; and
(7) third-party plaintiff cross-moves for summary judgment against third-party defendant Hochfelder.
To determine plaintiffs’ application for partial summary judgment on the conversion claim, and defendants’ application to dismiss that claim, the central and critical issue is whether counsel’s failure to list the demand notes in the letters notifying the plaintiffs of the defendants’ intended retention of the stock, precludes defendants’ taking possession of the demand notes, and entitles plaintiffs to title and possession of these notes by application of UCC 9-505.
Initially, the individual defendants contend that they were entitled to repossess all the collateral under UCC 9-503. That statute provides: "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process if this can be done without breach of the peace”. However, the plaintiffs note that, as revealed in the Official Commentary to the UCC (McKinney’s Cons Laws of NY, Book 62 Vi, at 547), section 9-503 applies to secured parties who are not in possession either personally or as pledgee: "Under this Article the secured party’s right to possession of the collateral (if he is not already in possession as pledgee) accrues on default unless otherwise agreed in the security agreement” (emphasis added). Therefore, I reject the individual defendants’ claim that the plaintiffs’ cause of action must be dismissed inasmuch as the notes were properly peaceably repossessed under section 9-503.
I turn to the question of whether the application of UCC 9-505 mandates summary judgment in favor of the plaintiffs on their conversion claim.
UCC 9-505 (2) provides that: "a secured party in possession [of collateral] may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor * * *. If the secured party receives objection in writing from a person entitled to receive notification within twenty-one days after the notice was sent, the secured party must dispose of the collateral under Section *633 9-504. In the absence of such written objection the secured party may retain the collateral in satisfaction of the debtor’s obligation.” Section 9-505 has been called the UCC equivalent of common-law accord and satisfaction (see, Warnaco, Inc. v Farkas, 872 F2d 539, 544 [2d Cir 1989]). Plaintiffs rely on that characterization to contend that there was an accord and satisfaction when the plaintiffs agreed to defendants’ proposal to retain part of the collateral in full satisfaction of plaintiffs’ obligation, which acts to extinguish that obligation (cf., Reilly v Barrett, 220 NY 170, 173).
To support their claim of entitlement to the demand notes, the plaintiffs cite one respected commentator, who has remarked that a secured party’s proposal to retain only a part of the collateral in satisfaction of the entire debt "would seem to create little problem * * * [as it] would place part of the collateral back in the debtor’s hands with no debt due” (9 Hawkland, Lord & Lewis UCC Series § 9-505:08, at 865-866). It is acknowledged by both parties that no case law has yet addressed the question of whether section 9-505 may be applied in this manner.
Interestingly, the plaintiffs do not dispute that the individual defendants could properly have elected to retain the demand notes along with the stock. They merely assert that having failed to list the demand notes in the notice, the creditors must be deemed to have elected to take just part of the collateral in full satisfaction of the debtor’s obligation, and that therefore turnover of the balance of the collateral to the debtor is required.
The individual defendants protest that this result would run counter to all concepts of justice and fairness. To require turnover of the demand notes to the plaintiffs, they assert, would permit the plaintiffs to reap a windfall of $383,055 (the face value of the notes) by failing to pay $394,376.99 out of the stock’s original purchase price of $433,054.
To counter that concern, the plaintiffs take the position that their claim to the value of the demand notes is not inequitable, in view of amounts they paid pursuant to the related promissory notes given in consideration of their contract to purchase Bloomsburg Farms.
The plaintiffs’ phrase the legal issue presented as whether a secured party under section 9-505 may propose to retain only part of the collateral in satisfaction of the obligation.
Upon consideration of the statute’s language, I see no *634 reason to exclude from its application a clearly intended retention of part of the held collateral in full satisfaction of the debt. However, the situation presented here is not one in which such an automatic application of the statute is appropriate. Scrutinizing the notices which would set in motion the operation of section 9-505, it must be recognized that nowhere within their four corners do they indicate that the collateral contemplated to be taken is only part of that being held. Rather, the notices themselves standing alone, indicate that all the collateral listed in the security agreement would be taken. Such a notice, which does not even explicitly acknowledge that the creditor is accepting only part of the collateral in full satisfaction of the debt, should not form the basis for an automatic application of UCC 9-505 such as would, by implication, necessitate a return of the unlisted collateral.
This holding, of course, would not foreclose the application of 9-505 where a notice more clearly acknowledges an intent to return part of the collateral to the debtor.
In view of the foregoing, I conclude that the plaintiffs may not rely on UCC 9-505 for their claim of entitlement to possession of the demand notes. Additionally, I agree with the individual defendants that the demand notes were not sever-able from the Steelridge stock and must necessarily have been turned over along with the repossessed stock.
Finding no basis upon which the plaintiffs may properly claim possession to the demand notes, their motion is denied and their action is dismissed.
Inasmuch as paragraph 15 of the stock purchase agreement provides for an award of litigation costs and fees, the individual defendants are granted summary judgment in the second counterclaim to the extent that the issue is severed and referred to a Special Referee to hear and report (with recommendations).
Defendant Danziger & MarkhofFs application for costs and fees is denied, as the aforesaid agreement provision does not apply to them.