OPINION OF THE COURT
Ira J. Raab, J.
Motions to set aside small claims mediator- and arbitrator-assisted stipulations of settlement may be heard by any Judge, and are not required by CPLR 2221 to be referred by the motion Judge to the Small Claims Calendar Judge who sat at the session of the court in which the settlement took place. Nevertheless, motions involving small claims should be returnable in the Small Claims Part of the court, and not in the regular Civil Motion Part.
The motion in this small claims case was made returnable, and was submitted, in the regular Civil Motion Part of this court by the defendant on June 5, 1998, before the Motion Part *321 Judge, seeking an order to vacate a default judgment that was entered by the small claims clerk upon the filing of the plaintiffs affidavit of noncompliance. The affidavit alleged that the defendant failed to comply with a stipulation of settlement entered into between the parties before a Small Claims Court mediator. (The court is ably assisted by trained mediators to help the parties resolve their minor disputes without the need for a trial. Arbitrators assist in night small claims cases, as in New York City, and elsewhere.)
The motion Judge issued an order on July 1, 1998, wherein he correctly states that settlement stipulations will be set aside where circumstances beyond the control of the parties frustrate the purposes of the stipulation or prevent the contingencies of the settlement from taking effect. (Monasebian v Du Bois, 30 AD2d 839 [2d Dept 1968].) The motion Judge went on to correctly point out the problems with the stipulation, in that on one hand, the proof submitted could be construed that the conditions of the stipulation were not met, whereas, on the other hand, the proof submitted could be construed as establishing that noncompliance was beyond the control of the defendant. The motion Judge correctly concluded that the terms of the stipulation were unclear as to what was expected or required of the defendant, and that the parties themselves were not in agreement as to what was expected or required of them by the terms of the stipulation.
This court agrees entirely with the learned findings and conclusions, and with the law, as set forth in the motion Judge’s order.
However, the motion Judge was incorrect when he stated in his order that the said stipulation was entered into by the parties “before the Hon. Ira J. Raab” (the calendar Judge).
When the case was called at the first call of the Small Claims Trial Calendar, the parties were sent to the mediator by the courtroom clerk. The parties proceeded to the mediator’s room and negotiated the settlement by themselves, with the assistance of the mediator. The mediator wrote out the terms of the stipulation and presented it to the parties to read and sign. After the parties signed the stipulation, the mediator gave copies of the stipulation to the parties. The parties then left the courthouse without ever returning to the small claims courtroom. The original stipulation was delivered by the mediator to the courtroom clerk, who placed the stipulation in the court file, without ever presenting the stipulation to the calendar Judge for review. The courtroom court officer marked the calendar “Settled by Mediator”.
*322 Thus, the calendar Judge had no part in the negotiations, drafting, or execution of the stipulation.
Nevertheless, the motion Judge respectfully referred the motion to the calendar Judge, for decision, pursuant to CPLR 2221. Such a referral was misplaced.
CPLR 2221 refers to motions affecting prior “orders”. The calendar Judge did not issue any “order” in this case. Nor did the calendar Judge “So Order” the stipulation of settlement that was entered into by the parties with the assistance of the mediator.
Under these circumstances, there was no need, nor any CPLR 2221 requirement, for the motion Judge to refer the motion to the calendar Judge for determination, especially when the referring Judge had already made findings and conclusions on the matter in issue.
If the Motion Part Judge was inclined to refer the motion to the calendar Judge for determination, such referral should not have been made a month after the motion was marked “submitted”, and certainly not after making findings and conclusions in the order of referral. The proper and efficient administration of “substantial justice” requires that such referral be made at the time of the submission of the motion at the call of the Motion Calendar. This is especially so where the motion concerns a small claims case. (UDCA 1804.)
In addition, the motion should not have been made returnable in the regular Motion Part of the court. Section 212.41 (Z) of the Uniform Rules for Trial Courts (22 NYCRR) (with identical rules for the New York City Civil Court, 22 NYCRR 208.41 [m], and the City Courts outside New York City, 22 NYCRR 210.41 [Z]) requires that: “All motions pertaining to small claims shall be made returnable at a part and session appointed for the hearing of small claims”.
In order to afford the parties the quick and efficient disposition of this matter, this calendar Judge is accepting the referral from the motion Judge, and directs that the parties appear in the Night Small Claims Part of this court, at 6:00 p.m., on July 14, 1998, for a hearing on the motion. The parties are further directed to appear with their witnesses and all of their proofs, and be prepared to go to immediate trial should the motion to vacate the judgment be granted.