■ ERNEST TWUMASI, Appellant, v TJMT TRANSPORTATION SERVICES, INC., et al., Defendants, and ROBERT MEDINA, Respondent. ERNEST TWUMASI, Appellant, v TJMT TRANSPORTATION SERVICES, INC., et al., Respondents, et al., Defendant. [701 NYS2d 20] —Order and ensuing judgment, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered November 20, 1997 and March 10, 1998, respectively, which, *inter alia*,

granted the CPLR 3211 (a) motion of defendant Paccar Financial Corp. and dismissed the complaint against defendants Paccar Financial Corp. and TJMT Transportation Services, Inc., and order, same court and Justice, entered May 29, 1998, which granted the motion of defendant Robert Medina to vacate his default and for leave to file a late answer, unanimously affirmed, with costs.

In this personal injury action, the motion court, in dismissing the complaint against defendants Paccar Financial and TJMT, properly found that the settlement agreement entered into between those parties and plaintiff in a prior action predicated on the same causes as are asserted herein barred the instant attempt at relitigating those causes. Contrary to plaintiff's argument, the prior settlement is enforceable since it was in substantial compliance with the requirements of CPLR 2104 (see, Rhulen Agency v Gramercy Brokerage, 106 AD2d 725, 728; Langlois v Langlois, 5 AD2d 75). Moreover, where, as here, defendants relied on the settlement to their detriment, plaintiff is equitably estopped from avoiding it (see, Hallock v State of New York, 64 NY2d 224, 232).

The court also properly vacated the default of defendant Medina in light of his showing of a justifiable excuse for the default and a meritorious defense (see, Cipriano v Hank, 197 AD2d 295, 297). Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Friedman, JJ.