OPINION OF THE COURT
William E. Sherwood, J.
The parties entered into a prenuptial agreement in August 1998. The parties were married in December 1998. In June 2001 the parties executed a separation agreement. Plaintiff commenced this action seeking a divorce pursuant to Domestic *347 Relations Law § 170 (2) or (6). By her first counterclaim, defendant is seeking a divorce pursuant to Domestic Relations Law § 170 (6). Plaintiff admits the essential allegations of this counterclaim other than denying defendant’s claim of substantial compliance with the terms of the separation agreement. Defendant’s second counterclaim seeks enforcement of that part of the prenuptial agreement which requires plaintiff to pay defendant $50,000 upon termination of the marriage. Defendant’s third counterclaim seeks enforcement of the separation agreement. Defendant’s fourth and fifth counterclaims seek return of defendant’s documents being held by the plaintiff. Plaintiff now moves for summary judgment on his claims for divorce and dismissing the defendant’s counterclaims. Defendant has cross-moved for summary judgment on her counterclaims.
The Prenuptial Agreement
The prenuptial agreement provides that the purpose of the agreement was to:
“[F]ix and determine the rights that would or otherwise might accrue to each of them with respect to their respective property and estate by reason of their marriage and to provide for the ownership, division or distribution of separate and marital property, and other terms and conditions of the marriage relationship pursuant to Section 236 Part B (3) of the Domestic Relations Law of the State of New York, and otherwise, but not for the waiver of maintenance, and to determine the rights and claims that will accrue to each of them in the property and the estate of the other by reason of the marriage, and to accept the provisions of this agreement in lieu and in full discharge and in satisfaction of such rights * *
Paragraph 2 (f) (ii) of the prenuptial agreement provides that the plaintiff shall pay the defendant the sum of $50,000 from his separate property in lieu of equitable distribution upon the termination of the marriage. Paragraph 9 provides that the provisions of the prenuptial agreement will be incorporated, but not merged, into any divorce decree, and paragraph 13 provides that the agreement can only be modified in a writing containing express language to so affect the agreement.
The Separation Agreement
One of the recitals to the separation agreement provides:
*348 “Whereas, the parties desire to confirm their separation and to settle and agree upon their rights, present and future: * * *
(c) In all causes of action, in law or equity, except as hereinafter provided, existing in favor of either party as against the other; * * * and, (e) in all other issues between the parties, including without limitation their respective rights and obligations under the prenuptial agreement between them dated August 13, 1998.”
Article V of the separation agreement provides that except as provided in the agreement, each party “shall own, free of any claim or right of the other, all of the items of property, real, personal and mixed * * * which are now in his or her name” and states that it is the parties’ intention to effectuate a full property settlement pursuant to Domestic Relations Law § 236 (B) and that each party waives any right to a distributive award or an award of equitable distribution.
Article VI of the separation agreement provides: “except to the extent provided in this agreement, the parties mutually waive their rights and release each other from any claims for maintenance, support, alimony, and distribution of marital property, distributive awards, special relief or claims regarding separate property or increase in value thereof.”
Article VIII (1) of the separation agreement provides that each party accepts the division of property “in full and final settlement of any and all claims for * * * special relief or claims regarding separate property.”
Article VIII (3) provides that the parties accept the provisions of the agreement “in full and final settlement and satisfaction, and they hereby release and discharge each other * * * from any and all claims or demands, past, present or future, for * * * equitable distribution as provided in DRL 236 B.” Article XIII B of the separation agreement provides that the defendant releases any claims defendant may have against the plaintiff upon the property of the plaintiff, real or personal.
Article XV of the separation agreement provides that except for the obligations set forth in the agreement, the parties will each release each other “from any and all actions, suits, claims, demands and obligations whatsoever * * * that either of them ever had, now has, or may hereafter have against the other.”
Article XVII of the separation agreement provides that the parties agree that the agreement embodies all understandings and agreements between the parties.
*349 Analysis
The issue here is whether the separation agreement is an ex-ecutory accord or a substituted agreement. Plaintiff asserts that the separation agreement constitutes a substituted agreement relieving him of the obligations set forth in the prenuptial agreement. Defendant’s position is that notwithstanding the separation agreement she may still enforce the prenuptial agreement, i.e., that the separation agreement is an executory accord.
“As developed at common law, there was a distinction between the settlement devices of ‘accord and satisfaction’ and ‘substituted agreement.’ An accord and satisfaction, as its name implies, has two components. An accord is an agreement that a stipulated performance will be accepted, in the future, in lieu of an existing claim (Werking v Amity Estates, 2 NY2d 43, 51 [1956], appeal dismissed and cert denied 353 US 933 [1957]; Reilly v Barrett, 220 NY 170, 172-173 [1917]; General Obligations Law § 15-501 [1]). Execution of the agreement is a satisfaction (Reilly v Barrett, 220 NY, at 173). The distinctive feature of an accord and satisfaction is that the obligee does not intend to discharge the existing claim merely upon the making of the accord; what is bargained for is the performance, or satisfaction. If the satisfaction is not tendered, the obligee may sue under the original claim or for breach of the accord (Plant City Steel Corp. v National Mach. Exch., 23 NY2d 472, 478 [1969]; General Obligations Law § 15-501 [3]).
“By contrast, the parties may intend that a new agreement, though executory, will immediately discharge the existing obligation (see, e.g., Morehouse v Second Natl. Bank, 98 NY 503, 509 [1885]). That is a substituted agreement (Calamari and Perillo, Contracts § 21-4, at 869 [3d ed]). Whether a particular arrangement is an accord or a substituted agreement hinges on the parties’ intent, determination of which may be aided by certain presumptions (Goldbard v Empire State Mut. Life Ins. Co., 5 AD2d 230, 234 [1958] [Breitel, J.]).” (Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383-384 [1993].)
While the intention of the parties is often a question of fact, the court may determine the issue as a matter of law where the parties’ intent can be determined from the writing itself. (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285 [1973]; Goldbard v Empire State Mut. Life Ins. Co., 5 AD2d 230, 234 [1st Dept 1958].)
Here, the separation agreement is replete with statements evidencing an intent that the separation agreement supercedes *350 the prenuptial agreement. Indeed, the recital set forth above specifically states that the parties intend the separation agreement to settle their rights under the prenuptial agreement. “[W]hile a recital is not strictly part of a contract, it may have a material bearing on the construction of the contract.” (Estate of Hatch v NYCO Mins., 245 AD2d 746, 748 [3d Dept 1997].)
The recital notwithstanding, the separation agreement as a whole reflects this stated intention. The prenuptial agreement purports to resolve all issues regarding the disposition of property, marital or personal, and any other rights under Domestic Relations Law § 236 (B). Had the parties proceeded in this action based upon the prenuptial agreement, it would have governed the matters set forth therein. (Domestic Relations Law § 236 [B] [3].) However, the parties entered into the separation agreement which resolves all issues with regard to the disposition of marital and personal property and all rights under Domestic Relations Law § 236 (B). Article V of the separation agreement clearly establishes this. Both agreements purport to do the same thing, settle the parties’ property rights. Defendant fails to demonstrate how any obligation in the prenuptial agreement could survive after the execution of the separation agreement. In addition, article XVII of the separation agreement, a merger clause, insufficient by itself to establish a discharge of plaintiffs obligations under the prenuptial agreement, is an additional expression of intention that the separation agreement supercede the prenuptial agreement. (22A NY Jur 2d, Contracts § 481.) Thus, even without the benefit of the recital — which crystalizes the intention of the parties — it is clear that the separation agreement is a superceding agreement which discharged the plaintiff from any obligation under the prenuptial agreement.
Moreover, the separation agreement cannot be deemed an executory accord.
“To have a valid accord and satisfaction, the parties .must enter into a new contract wherein they agree that a stipulated performance will be accepted in the future, in lieu of an existing claim (see, Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]; Patel v Orma, 190 AD2d 782 [1993]).” (Altamuro v Capoccetta, 212 AD2d 904, 904-905 [3d Dept 1995].)
Here, there is no promise of performance in lieu of the plaintiffs obligation to pay defendant $50,000 upon termination of the marriage as provided in the prenuptial agreement.
*351 In addition, the provisions of the separation agreement repeatedly state that each party is releasing any prior, present or future claim against the other’s property, real or personal.* By executing the separation agreement, defendant released plaintiff from the prenuptial agreement obligation to pay her $50,000.
Plaintiff’s Motion
Based upon the foregoing, plaintiff is entitled to summary judgment dismissing the defendant’s second counterclaim and the same is hereby dismissed. The motion is also granted insofar as the defendant seeks compensatory and punitive damages on her fourth counterclaim. The remainder of his application must be denied. Defendant demonstrates the existence of material issues of fact as to whether plaintiff has substantially performed his obligations under the separation agreement and as to the defense of justification regarding his claim for constructive abandonment.
Defendant’s Cross Motion
Defendant’s cross motion is granted to the extent that she is entitled to summary judgment on her first counterclaim for divorce pursuant to Domestic Relations Law § 170 (6) and on her fourth and fifth counterclaims insofar as defendant is required to return the defendant’s personal property set forth in footnote 2 of her reply affidavit. As to the third counterclaim, the motion is denied as moot. Performance of the separation agreement will be required in the judgment of divorce. The application for attorney’s fees is denied for failure to comply with 22 NYCRR 202.16 (k). Defendant’s cross motion is otherwise denied.

 Paragraph 2 (f) (ii) of the prenuptial agreement provides for the $50,000 payment to be made from plaintiffs personal property.