RAYMOND JOSEPH BRUDER and HARRY D. BRUDER, as Guardian ad Litem of MELVIN FENIMORE BRUDER, an Infant over the Age of Fourteen Years, Appellants, v. JACOB SCHWARTZ, as Executor and Trustee, etc., of WILLIAM SCHWARTZ, Deceased, Respondent.— Plaintiffs appeal from an order denying their motion to be relieved from a stipulation of settlement; from an order granting the defendant's application to enter judgment in favor of the plaintiffs, and from the judgment entered pursuant to the last-mentioned order. Order denying plaintiffs' motion to be relieved of stipulation reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. Order granting defendant's motion for permission to enter judgment in favor of plaintiffs, and judgment entered pursuant thereto, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. As to appellant Raymond Joseph Bruder, it is conceded that he was not present in court when the stipulation was made. His attorney concedes that he was not authorized to settle the litigation without his consent and approval. Under such circumstances a party is not bound by a stipulation entered into by his attorney. (*Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.*, 213 App. Div. 140; *Lewis* v. *Duane*, 141 N. Y. 302; *Barrett* v. *Third Avenue R. R. Co.*, 45 id. 628; *Countryman* v. *Breen*, 241 App. Div. 392.) As to the infant plaintiff, his guardian *ad litem* was present and consented to the stipulation. Under circumstances where the *status quo ante* could not be restored, the court would be without power to grant relief upon the grounds urged here. (*Bond* v. *Bond*, 260 App. Div. 781.) Because there has been no change of status here and by reason of the particular facts involved, we are of the opinion that the refusal of the Special Term to exercise its discretion in favor of the infant plaintiff was improper, and the motion as to that plaintiff should also be granted in the furtherance of justice. (*Goldstein* v. *Goldsmith*, 243 App. Div. 268; *Sperb* v. *Metropolitan El. Ry. Co.*, 10 N. Y. Supp. 865 [not officially published]; affd., 123 N. Y. 659.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.