■ WILLIAM FINLAYSON, Respondent, v. KELLNER CAR & LIMOUSINE SERVICE, INC., et al., Appellants.— Order of the Supreme Court, Kings County, dated December 21, 1967, which granted plaintiff's motion to vacate the settlement of the action and to restore the action to the Trial Calendar, reversed, without costs, and motion denied. In our opinion, it was an improvident exercise of discretion to grant the motion (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435; Schweber v. Berger, 27 A D 2d 840; Matter of Hecht, 24 A D 2d 1001). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ JAMES E. FUREY, SR., as Administrator of the Estate of IRENE FUREY, Deceased, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. — In an action to recover damages for wrongful death and for conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered May 17, 1966, in favor of defendants, upon the trial court's dismissal of the complaint at the close of all the evidence. Judgment reversed, on the law, and new trial granted as to all defendants, with costs to abide the event. No questions of fact were considered on this appeal. We conclude that giving plaintiff the most favorable inferences on the evidence presented, to which he is entitled, and since in a death action only slight evidence of liability is enough to require the case to be given to the jury (Cruz v. Long Is. R. R. Co., 28 A D 2d 282, 283), a jury may properly find for plaintiff. Rabin, Acting P. J., Hopkins, Benjamin and Munder, JJ., concur; Martuscello, J., not voting.

■ In the Matter of AL NEIL RESTAURANT & BAR, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination suspending petitioner's restaurant liquor license for a period of 10 days, after a hearing upon a charge that petitioner had suffered or permitted gambling on the licensed premises. Determination annulled, on the law, without costs. No questions of fact were reviewed. In our opinion, respondent's determination was not supported by substantial evidence (Matter of 205 Linden Rest. Corp. v. New York State Liq. Auth., 29 A D 2d 890). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.