WHIPPLE BROS., INC., Respondent, v. ROBERT L. ANDREW et al., Appellants.— Appeal from an order of the Supreme Court, Chemung County, entered December 9, 1970, which denied a motion by defendants to be relieved from the terms of a stipulation of settlement of the above-entitled action, and to restore the case to the trial calendar in Chemung County. This is an action by plaintiff, a corporation engaged in the lumber business, to recover $21,097.86 for goods sold and delivered to the defendants. In the course of trial, the trial court was advised by the attorneys for the parties that a settlement in the amount of $13,250 had been reached. Thereupon, the court, the stenographer, the attorneys for both sides, and appellant, Robert L. Andrew, retired to the court's chambers, where the stipulation was placed on the record. Since the appellants have failed to establish facts which would justify setting aside the stipulation of settlement, the trial court's refusal to grant the motion was a proper exercise of its discretion. Appellant Robert L. Andrew, an attorney, was present when the stipulation was placed on record, and both appellants were in court when the jury was advised that the case had been settled. At no time did they indicate disagreement with the stipulation. Furthermore, appellants offered no proof of fraud or overreaching on the part of the respondent. Order affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.

## (June 30, 1971)

 In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Petitioner, v. THOMAS MERANTE, Respondent.— This is a proceeding initiated in the Appellate Division of the Supreme Court in the Third Judicial Department, pursuant to section 298 of the Human Rights Law (Executive Law, art. 15), to enforce an order of the Human Rights Appeal Board dated January 20, 1970. This is the second time the petitioner has asked this court for an enforcement order. Previously we denied the application without prejudice to a renewal following an investigation by the Division into the noncompliance of respondent and his brother and the making of appropriate findings (35 A D 2d 652). An examination of the instant petition reveals that it fails to comply with our previous decision. Since the Division was afforded a full opportunity to present proof of noncompliance and has failed a second time, the application should be denied and the petition dismissed. Application denied and petition dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Sweeney and Simons, JJ., concur.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LARRY GIPSON, Appellant.— Order affirmed. (See *People* v. *Lynn*, 28 N Y 2d 196; *People* v. *Ali*, 35 A D 2d 435.) Herlihy, P. J., Reynolds, Aulisi, Greenblott and Cooke, JJ., concur.