■ STANLEY SIEGEL, as Administrator of the Estate of EILEEN SIEGEL, Deceased, Respondent, v. CITY OF NEW YORK et al., Defendants, and CLAIRE KALKSTEIN et al., as Coexecutors of MENNOSCH KALKSTEIN, Deceased, Appellants.— In a medical malpractice action to recover damages for wrongful death and conscious pain and suffering, defendants Kalkstein and Weininger appeal from so much of an order of the Supreme Court, Queens County, dated November 8, 1971, as denied their motion to sever the action as to them and grant summary judgment in their favor. Order reversed insofar as appealed from, on the law, with $10 costs and disbursements, and motion for severance of action and summary judgment granted. The motion for summary judgment is supported by affidavits and a deposition in an examination before trial showing that appellants' decedent was never the physician of plaintiff's wife. It was then mandatory upon plaintiff to submit evidentiary facts or materials, by affidavit or otherwise, rebutting the prima facie showing that the decedent was not the physician of plaintiff's wife and demonstrating the existence of a triable issue of fact. The affidavit by the attorney for plaintiff setting forth certain conclusory statements is not sufficient to defeat the motion for summary judgment (*Indig* v. *Finkelstein*, 23 N Y 2d 728). Rabin, P. J., Munder, Martuscello, Latham and Benjamin, JJ., concur.

■ HARRY SPISTO, Appellant, v. OLAV M. THOMPSON, Doing Business as OVERHEAD DOOR SALES COMPANY, Respondent.— In an action to recover damages for personal injury, in which a settlement had been entered into in open court, plaintiff appeals from an order of the Supreme Court, Kings County, dated November 24, 1971, which denied his motion to vacate the settlement and restore the action to the Trial Calendar of the Supreme Court. Order reversed in the exercise of discretion, with $10 costs and disbursements, and motion granted, without costs; settlement vacated; and action directed to be restored to the Ready Day Calendar for trial. It appears that the plaintiff at no time consented to the settlement entered into by his trial counsel; nor was he or his attorney of record consulted with respect thereto. It further appears that, upon learning of the settlement, the plaintiff objected to it upon the ground that it was inadequate. Under such circumstances, a party is not bound by a settlement stipulation entered into by his trial counsel. (*Bruder* v. *Schwartz*, 260 App. Div. 1048; *Silver* v. *Parkdale Bake Shop*, 8 A D 2d 607; *Fasano* v. *City of New York*, 22 A D 2d 799). Shapiro, Gulotta, Christ and Benjamin, JJ., concur; Munder, Acting P. J., dissents and votes to affirm the order.