■ MILDRED COVERT, Respondent, v JAMES C. COVERT, III, et al., Respondents, and PATRICIA HARRIS, Appellant.—Appeal from an order of the County Court of Rensselaer County, entered January 9, 1975, which directed the specific performance of a stipulation entered into by the litigants and their counsel in open court on October 15, 1974. In 1940, Mildred Covert conveyed certain real property to herself and Patricia Harris, her daughter, as joint tenants with right of survivorship. In 1968, Mildred Covert conveyed the same property to her son James C. Covert, II. This action was then commenced by Mildred Covert against the heirs of James C. Covert, II, to set aside the conveyance made to him as having been fraudulently induced.

Patricia Harris intervened, asserting rights as a joint tenant in the property with Mildred Covert, and the defendants cross-claimed against her contending that she had no legal interest in the subject property. On October 15, 1974, during the course of the trial, the litigants and their respective counsel entered into an agreement by stipulation which was placed on the record in open court. Among other items, the stipulation provided (1) that the action was settled and discontinued; (2) that the involved tenants in common of the real property would lease it to the Covert Manufacturing Company, Inc.; and (3) that Patricia Harris and James C. Covert, III, as directors of the said corporation, would cause the corporation to lease the same property back to Mildred Covert rent free for her lifetime and bear all reasonable maintenance expenses. On January 8, 1975, the parties again appeared before the court for execution of the order pursuant to the stipulation. At this proceeding, Patricia Harris sought to withdraw her consent to the agreement. The basis for this action was her assertion that under the terms of the stipulation she would be exposing herself to further litigation and potential personal liability. The court rejected her request, holding that it could only be raised by way of a plenary action to vacate the stipulation. The sole issue on this appeal then is whether an application to vacate such a stipulation can properly be raised by motion, or whether a separate action must be commenced to obtain the desired relief. The settlement in this action was reached during the course of trial and after a period of prolonged negotiations where all parties were ably represented by counsel entirely familiar with the problems presented and their legal implications. Upon termination of negotiations, a contract was entered into; the subsequent entry of the order on notice embodying the agreed terms thereof was a mere formality. Since the content and terminology of that order was in accord with the stipulation, the trial court had no discretion to disturb such an agreement *(Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Whipple Bros. v Andrew,* 37 AD2d 677; *Gardner v Board of Educ., Cent. School Dist. No. 1,* 28 AD2d 616). We find no merit in appellant Harris' further contention that the desired relief herein may be afforded as contemplated by CPLR 3005 (8 NY Jur., Compromise and Settlement, § 26). Order affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.