ceeding seeking to review the denial of bail, the scope of inquiry is "only as to the *legality* of the denial of bail, as to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law" *(People ex rel. Shapiro v Keeper of City Prison,* 290 NY 393, 399 [emphasis in original]; see, also, *People ex rel. Weisenfeld [Cifone] v Warden, N. Y. Detention Facility at Riker's Is.,* 37 NY2d 760). Absent an invasion of a constitutional right, a mere difference in opinion over the denial of bail will not mandate reversal *(People ex rel. Klein v Krueger,* 25 NY2d 497). In the instant case the denial of bail was properly predicated upon the uncontested allegation that defendant had previously assisted his brother in his attempt to jump bail on another indictment. Defendant himself stands charged with murder in the second degree, a class A-II felony, for which the minimum term of imprisonment, if convicted, would be at least 15 years. Thus, while there was no direct proof that defendant might attempt to flee the jurisdiction, his efforts on his brother's behalf as well as the possible consequences of his own conviction offered sufficient basis for reconsideration and denial of bail. (Appeal from judgment of Erie Supreme Court—habeas corpus.) Present—Moule, J. P., Cardamone, Simons and Goldman, JJ.

■ DOMINICK A. MEZATESTA, Appellant, v OSWEGO MUTUAL FIRE INSURANCE COMPANY, Respondent. (Appeal No. 1.)—Appeals unanimously dismissed as moot. Same memorandum as in *Mezatesta v Oswego Mut. Fire Ins. Co.* (58 AD2d 739). (Appeal from order and judgment of Onondaga Supreme Court—apportion recovery.) Present—Moule, J. P., Cardamone, Simons and Goldman, JJ.

■ DOMINICK A. MEZATESTA, Appellant, v OSWEGO MUTUAL FIRE INSURANCE COMPANY, Respondent. (Appeal No. 2.)—Order unanimously reversed, with costs, motion granted and order dated February 13, 1976 and judgment entered thereon on July 8, 1976 vacated. Memorandum: After plaintiff's premises had been damaged by fire he commenced this action to recover insurance proceeds due him from defendant Oswego Mutual Fire Insurance Company and defendant New York Property Insurance Underwriting Association. The jury returned a verdict of $39,300. Under the terms of the three fire policies involved the damages were to be shared proportionately by the two companies and each company's share was less than the face amount of its policy. The policy of Oswego Mutual contained a mortgagee clause, but the policies of New York Property Insurance did not. Oswego Mutual had made advance payments to the mortgagees which exceeded the amount it was required to pay to satisfy its share of the jury's verdict. After the trial the parties met in the Judge's chambers and discussed the method by which Oswego would receive credit for those amounts it had paid which exceeded the amount required by the jury's verdict and which allegedly exceeded Oswego Mutual's liability under its policy. The record does not recite the substance of the conversations and, in fact, does not prove that plaintiff ever stipulated or agreed that Oswego was to receive any reimbursement. Nevertheless, counsel for Oswego sent a proposed order to the court, copy to plaintiff and the coinsurer, specifying in detail reimbursements to be made to it from the proceeds of New York Property's policy and from the plaintiffs. The covering letter directed plaintiff's counsel to contact the court with any objections to the proposal. Apparently none were forthcoming and the court signed an order embodying the proposal of Oswego and directing entry of a judgment. Plaintiff promptly moved to vacate the judgment and was met with the contention by Oswego that he had stipulated to the