■ DOMINICK A. MEZATESTA, Appellant, v OSWEGO MUTUAL FIRE INSURANCE COMPANY, Respondent. (Appeal No. 1.)—Appeals unanimously dismissed as moot. Same memorandum as in *Mezatesta v Oswego Mut. Fire Ins. Co.* (58 AD2d 739). (Appeal from order and judgment of Onondaga Supreme Court—apportion recovery.) Present—Moule, J. P., Cardamone, Simons and Goldman, JJ.

■ DOMINICK A. MEZATESTA, Appellant, v OSWEGO MUTUAL FIRE INSURANCE COMPANY, Respondent. (Appeal No. 2.)—Order unanimously reversed, with costs, motion granted and order dated February 13, 1976 and judgment entered thereon on July 8, 1976 vacated. Memorandum: After plaintiff's premises had been damaged by fire he commenced this action to recover insurance proceeds due him from defendant Oswego Mutual Fire Insurance Company and defendant New York Property Insurance Underwriting Association. The jury returned a verdict of $39,300. Under the terms of the three fire policies involved the damages were to be shared proportionately by the two companies and each company's share was less than the face amount of its policy. The policy of Oswego Mutual contained a mortgagee clause, but the policies of New York Property Insurance did not. Oswego Mutual had made advance payments to the mortgagees which exceeded the amount it was required to pay to satisfy its share of the jury's verdict. After the trial the parties met in the Judge's chambers and discussed the method by which Oswego would receive credit for those amounts it had paid which exceeded the amount required by the jury's verdict and which allegedly exceeded Oswego Mutual's liability under its policy. The record does not recite the substance of the conversations and, in fact, does not prove that plaintiff ever stipulated or agreed that Oswego was to receive any reimbursement. Nevertheless, counsel for Oswego sent a proposed order to the court, copy to plaintiff and the coinsurer, specifying in detail reimbursements to be made to it from the proceeds of New York Property's policy and from the plaintiffs. The covering letter directed plaintiff's counsel to contact the court with any objections to the proposal. Apparently none were forthcoming and the court signed an order embodying the proposal of Oswego and directing entry of a judgment. Plaintiff promptly moved to vacate the judgment and was met with the contention by Oswego that he had stipulated to the

settlement. No such stipulation appears in the record and the stipulation was not one made in open court nor was it reduced to a writing subscribed by plaintiff or his attorney (CPLR 2104; see, also, *Whipple Bros. v Andrew,* 37 AD2d 677; *Langlois v Langlois,* 5 AD2d 75). Oswego contends, however, that plaintiff agreed to such a settlement, that he was given notice of the proposed order and an opportunity to contest it and that the settlement was thereafter embodied in an order and is binding upon him (CPLR 2104). Obviously, if the order was not entered upon a provable stipulation and the plaintiff made a timely motion to vacate the order and judgment, as he did here, the fact that an order was executed does not foreclose his complaint. The application to vacate the order and judgment should have been granted by the trial court. (Appeal from order of Onondaga Supreme Court—set aside order.) Present—Moule, J. P., Cardamone, Simons and Goldman, JJ.