CARLTON G. HALLOCK et al., Respondents, v STATE OF NEW YORK et al., Appellants.

Third Department, June 9, 1977

*Louis J. Lefkowitz, Attorney-General (Douglas S. Dales, Jr.* and *Ruth Kessler Toch* of counsel), for State of New York, appellant.

*Scott B. Lilly (John R. Davison* and *Mark L. Manewitz* of counsel), for Power Authority of the State of New York, appellant.

*William J. Schoonmaker* for respondents.

MAHONEY, J. The defendant Power Authority appropriated in fee 66 acres of land owned by plaintiffs as tenants in common. The land was to be used as a right of way and a source of fill in the construction of the Blenheim-Gilboa Pumped Storage Power Project. Plaintiffs brought this action to challenge the legality of the fee appropriation on the theory that a temporary easement would have been sufficient for the public purpose. Both parties moved for summary judgment, and the issue reached the Court of Appeals *(Hallock v State of New York,* 32 NY2d 599), which remanded the action for trial.

The matter was set for trial in Supreme Court, Schoharie County, on April 22, 1975. At that time a stipulation of settlement and discontinuance was put on the stenographic record in the presence of the court and counsel for each of the parties. Plaintiff Phillips was also present, although his tenant in common, Hallock, was confined to a hospital. By the terms of the settlement the plaintiffs' attorney agreed to discontinue the Supreme Court action and a then pending Court of Claims action in exchange for the right to keep some $7,000 already paid pursuant to the original appropriation and a reconveyance of the fee by the Power Authority to the plaintiffs.

Five months later the plaintiffs moved, by order to show cause, for an order vacating the settlement and permitting them to reinstitute their actions, which actions include large claims for damage to the realty. Special Term granted the motion.

On appeal plaintiffs justify the order solely on the ground

their attorney, Quartararo, had no authority to make the settlement. The defendants contend that the settlement cannot be attacked by motion (a plenary action being necessary) and that, in any event, plaintiffs' attorney had in fact the necessary authority.

In general, once a settlement discontinuing the action has been reached, it cannot be undone by motion. In *Yonkers Fur Dressing Co. v Royal Ins. Co.* (247 NY 435), the plaintiff insured sued its insurer on five insurance policies. Several defenses, including arson, were raised. Unable to prove arson, the defendant insurer settled the claim for $92,500, a reduction from plaintiff's original claim of $250,000. In accordance with the agreement, the case was marked settled and discontinued on the day calendar. A month later the insurance companies moved to set aside the settlement on the ground they had secured new evidence of arson. In reversing Special Term's grant of the motion, the Court of Appeals ruled that since after the discontinuance there was no pending action, Special Term had no power to make an order merely on motion. Rather, "[d]efendants may be able in an independent suit to upset the settlement for reasons that would invalidate a contract, such as fraud or over-reaching." *(Yonkers Fur Dressing Co. v Royal Ins. Co., supra,* p 446.)

However, the court, in distinguishing its earlier ruling in *Sperb v Metropolitan El. Ry. Co. (infra),* seemed to suggest that a discontinuance might be vacated on motion where it was entered by an attorney without authority: "Stipulations and agreements of settlement have, no doubt, been set aside on motion [citation omitted]. Only one such case has reached this court. *(Sperb v. Met. El. Ry. Co.,* 10 N.Y. Supp. 865 affd., without opinion, 123 N.Y. 659.) The question there was primarily one of the authority of plaintiff's attorney to sign the stipulation. Without such authority, it was a nullity." *(Yonkers Fur Dressing Co. v Royal Ins. Co., supra,* p 445.) But the suggestion was clouded by the court indicating another reason why a motion was proper in the *Sperb* case (p 445): "An examination of the record discloses that the stipulation provided that if the amount agreed on should not be paid before a given date 'plaintiff may thereupon enter judgment for the agreed amount.' The action was still pending when the stipulation was set aside and it was subject to the supervision of the court because judgment might be entered thereon." The only case to reach the Court of Appeals since *Yonkers Fur*

*Dressing Co. v Royal Ins. Co. (supra)* has been *Manufacturers Mut. Fire Ins. Co. v Associated Gas & Elec. Co.* (176 Misc 220, affd 262 App Div 731, affd without opn 288 NY 668), wherein the settlement was challenged on the grounds other than lack of authority. The Court of Appeals' answer to a certified question in that case clearly indicates that generally motion is not the proper procedure (see 288 NY 668), but it does not determine whether an exception exists when lack of authority is the allegation.

Neither has the existence of such an exception been established in the Appellate Division decisions. Stipulations of discontinuance have generally been held immmune from motion attack *(Covert v Covert,* 50 AD2d 622; *Kraft v Vassilaros & Sons,* 43 AD2d 972; *Whipple Bros. v Andrew,* 37 AD2d 677; *Finlayson v Kellner Car & Limousine Serv.,* 30 AD2d 676; *Adams v George T. Cantrello, Inc.,* 29 AD2d 559; *Gardner v Board of Educ., Cent. School Dist. No. 1,* 28 AD2d 616; *Schweber v Berger,* 27 AD2d 840; *Bennett v Bennett,* 285 App Div 831; *Hegeman v Conrad,* 284 App Div 969). However, only in two of these cases was the discontinuance attacked as unauthorized, *Gardner v Board of Educ., Cent. School Dist. No. 1 (supra)* and *Whipple Bros. v Andrew (supra).* Research reveals six Appellate Division cases approving the setting aside of discontinuances on motion, *Spisto v Thompson* (39 AD2d 598 [client not present]); *Fasano v City of New York* (22 AD2d 799 [infant plaintiff]); *Horodeckyi v Horodniak* (9 AD2d 732 [unperformable stipulation]); *Silver v Parkdale Bake Shop* (8 AD2d 607); *Bruder v Schwartz* (260 App Div 1048 [infant plaintiff]); and *Goldstein v Goldsmith* (243 App Div 268 [stipulation not final]). Of these, *Spisto, Fasano, Silver* and *Bruder* were grounded on the stipulating attorney's lack of authority.

Rather than attempt to reconcile the various cases, we conclude that there is no definitive authority from the Court of Appeals and that this court's 1967 decision in *Gardner v Board of Educ., Cent. School Dist. No. 1 (supra)* properly set the rule governing the case here. In *Gardner* a stipulation of discontinuance was challenged by motion on the ground the moving party's settlement attorney had exceeded his authority. The court stated (28 AD2d 616): "this stipulation, clearly valid and operable on its face, should not have been vacated without a trial and this is [especially] true here where the [party urging the validity of the stipulation] would clearly be unable to refute by affidavit the [movant's] allegations as to

what transpired with their attorney." This view is consistent with the technical, conceptual reasoning stated in *Yonkers Fur Dressing Co. v Royal Ins. Co. (supra)* to wit: orders entered upon motion are merely to give relief incidental to a plenary action; once the action is discontinued, so is the court's power to give incidental relief. This characterization of the nature of motions still is generally true (Practice Commentary by Professor David D. Siegel, McKinney's Cons Laws of NY, Book 7B, CPLR C2211: 3, p 29), even though certain motions are authorized by statute to be made before the commencement of an action (see, e.g., CPLR 308, subd 5 [court may set manner of service] and CPLR 3102, subd [c] [disclosure to preserve information, etc.]).

Although requiring a plenary action to vacate or enforce a final settlement has been criticized as mere formalism inconsistent with the spirit and letter of the CPLR (see dissenting opinion of HOPKINS, J., in *Greenberg v New York City Planning Comm.,* 48 AD2d 830, app dsmd 37 NY2d 782), in the case at bar, as in *Gardner v Board of Educ., Cent. School Dist. No. 1 (supra)* and presumably in most challenges to the settling attorney's authority, difficult factual questions not resolvable by affidavit are presented. For instance, here one of the two plaintiffs was present when the stipulation was entered, raising the questions of apparent authority and estoppel (see *Owens v Lombardi,* 41 AD2d 438). Of course, the possibility of actual authority must be investigated, an area which the party defending the validity of the stipulation could not realistically be expected to explore by affidavit. In the case at bar, no affidavit from plaintiffs' settlement attorney, Quartararo, appears in the record. Furthermore, defendants properly raise the possibility that plaintiffs were partners in an enterprise to exploit the appropriated realty. Such a partnership would bear on whether any implicit acquiescence in the settlement by Phillips (who was present) would be binding upon Hallock (see Partnership Law, § 20). The question of ratification is also raised by the defense.

Although Special Term is authorized to hold a hearing to resolve factual disputes dispositive of a motion (CPLR 2218), experience instructs that such hearings frequently are as time consuming as a plenary trial. Moreover, the discovery procedures of the CPLR, which might well be necessary to clarify complex factual issues such as those presented on this motion, are designed for use in the context of an action (CPLR 3101,

subd [a]). Therefore, we hold that this stipulation of discontinuance may not be set aside on motion.

The order should be reversed, on the law, without costs and without prejudice to institution of a plenary action to set aside the stipulation.

GREENBLOTT, J. P., MAIN and HERLIHY, JJ., concur.

Order reversed, on the law, without costs, and without prejudice to institution of a plenary action to set aside the stipulation.